MARY BYRNE, an Infant, etc., Appellant, *v.* THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD Co., Respondent.

An infant, to avoid the imputation of negligence, is bound only to exercise
that degree of care which can reasonably be expected of one of its age.

(Argued December 22, 1880; decided January 18, 1881.)

This action was brought by the plaintiff to recover for in-
juries received at a railroad crossing on defendant's road,
through the alleged negligence of defendant. The accident
occurred in April, 1870, when the plaintiff was between ten
and eleven years old. She was approaching the railroad from
the east, and was struck by the rear end of a train backing
northerly, while attempting to cross the railroad track upon a
street-crossing in the city of Troy.

There was evidence tending to show that the train was back-
ing at the rate of eight miles per hour, without giving any
warning to persons who might lawfully be upon the railroad
track.                                          o

It is not claimed that there was any negligence on the part
of the parents of the plaintiff in permitting her to go upon
the street unattended. Her mother sent her upon an errand
which required her to cross the railroad, and warned her of
the danger at the crossing, telling her to look both ways before
crossing. She testified that she looked both ways as she ap-
proached the railroad and did not see the train until it was too
late for her to escape. It was claimed on the part of defend-
ant that it was not possible that she took the precaution to
look both ways, because, if she had, she would have seen the
approaching train in time to escape danger, and this claim was
based upon measurements. The accident took place at a point
about one hundred and seventy feet northerly of Madison
street and about six hundred and seventy feet northerly of
Monroe street. When the plaintiff was thirteen feet from the
easterly track she could see southerly upon the track one hun-
dred feet. When six feet from that track she could see
southerly about two hundred and seventy feet and when she
came to the rail of that track she could see southerly several

hundred feet — nearly to Monroe street; and hence it was argued that if she had looked southerly she must have seen the train in time to escape. Plaintiff was nonsuited. The court here say: "This argument is not entirely conclusive. At the rate of eight miles per hour this train, at the time of the accident, approached the plaintiff at the rate of seven hundred feet per minute, and passed one hundred feet in less than nine seconds. Therefore it may well be that if the plaintiff looked when she was thirteen or more feet from the track, leisurely walking, the train was not in sight, and not seen. It does not appear how far she could have seen at any point between thirteen and six feet from the track. At six feet from the track she could have seen about two hundred and seventy feet southerly, and the train passed over that distance in about twenty-three seconds; so that if, at the distance of six feet from the track, she had looked to the south, the train might not have been in sight and she might not have seen it. But if she had looked southerly while passing the last six feet of the easterly rail she would undoubtedly have seen the train; and probably the utmost caution would have required this. But she was required to look both ways. She did not know from which direction danger was to be apprehended. She may have looked southerly twice, as she testified she did, but during the last six feet — only three or four steps — she may have been looking in the other direction, or north-westerly in the direction in which she was going. It may be that this evidence would show the want of that care which the law would exact of an adult. But does it show the want of that care which is demanded of an infant of plaintiff's age? She cannot be supposed to have had that knowledge of the speed of trains and the importance of looking again, just before taking the step upon the track, which an adult would have. The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from adults. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age. (*Sheridan* v. *Brooklyn & N. R. R.*, 36 N. Y. 42; *O'Mara* v. *H. R. R. R. Co.*, 38 id. 445; *Mowrey* v. *Central City Railway*, 51 id. 666;

*Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 252; *Thurber* v. *Harlem, B., M. & F. R. R. Co.*, 60 id. 336; *McGarry* v. *Loomis*, 63 id. 107; *Fallon* v. *Central Park, N. & E. R. R. R. Co.*, 64 id. 13; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417; *Haycroft* v. *Lake Shore & M. S. R. R. Co.*, 2 Hun, 491; *S. C.*, 64 N. Y. 636; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 78 id. 518.)

"We cannot within these authorities, upon the undisputed facts, say, as matter of law, that the plaintiff — regard being had to her tender years — failed in that degree of care which the law required of her. Whether she did or not was, upon all the circumstances of this case, a question for the jury."

*R. A. Parmenter* for appellant.

*Esek Cowen* for respondent.

EARL, J., reads for reversal and new trial.

All concur, except FOLGER, Ch. J., and RAPALLO, J., who dissent.

Judgment reversed.