EDWIN R. SCHREINER, an Infant, by PAUL SCHREINER, his Guardian ad Litem, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — a child of ten and a half years going upon a car platform on reaching a station, before the train has stopped — degree of care demanded of him — sudden stoppage of a train by an air brake.*

An unnecessarily abrupt and sudden stoppage, by the use of the air brakes, of a railway train while entering a station, as a result of which persons who are standing in the aisles and upon the platforms of the cars preparatory to alighting are thrown down and one passenger is thrown under the car and injured, constitutes negligence on the part of the railway company.

A boy of ten and a half years of age, although he may be assumed to be *sui juris*, is only required to exercise such care as might reasonably be expected of a

person of his age; and when such a boy follows the example of adult passengers in going out upon the platform when the train has entered the station he cannot be said to be guilty of contributory negligence.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Court of Common Pleas for the city and county of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 8th day of November, 1895, upon the verdict of a jury rendered after a trial at a Trial Term of said court, and also from an order entered in said clerk's office on the 31st day of October, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Daniel W. Tears,* for the appellant.

*Joseph Larocque,* for the respondent.

RUMSEY, J. :

On the 25th of June, 1893, the plaintiff, who was a boy about ten and a half years old, was a passenger on the defendant's train from Mott Haven to the Grand Central Station. Just after the train entered the station the boy had gone from the inside of the car out upon the platform, and while there the cars ran violently against each other and he was thrown off and received the injuries of which he complains, and to recover for which this action is brought. It is claimed by the plaintiff, and the evidence of his witnesses tended to show, that, as the train was entering the station, and after the engine had been detached from it, some person in the employ of the railroad company applied the air brakes so quickly that the impetus of the train was at once stopped and several persons who were standing on the train were thrown down, and others only saved themselves from falling by grasping at the rails or the seats ; and that it was this sudden stoppage of the train which threw the plaintiff off the platform.

One of the witnesses of the defendant, however, testifies that he was the person who applied the brakes and thus caused the sudden stoppage of the train, and that it was done after the plaintiff fell from the car and because he saw that the boy was about to roll under the wheels. But the evidence of this witness was in conflict with that of the plaintiff and several of his witnesses, and the jury might have found that the stoppage took place as claimed by the

plaintiff, and that his fall was the result of it. In view of that fact, and because there was at that time no apparent necessity for this sudden stoppage of the train, the jury were justified in finding negligence on the part of the defendant.

The serious question in the case is whether, as a matter of law, the plaintiff showed himself to be free from contributory negligence, or whether, upon the evidence, the jury might have found that he was free from it. The Railroad Law of 1892 (Laws of 1892, chap. 676, § 53) provides that "No railroad corporation shall be liable for any injury to any passenger while on the platform of a car \* \* \* in violation of the printed regulations of the corporation posted up at the time in a conspicuous place inside of the passenger cars then in the train." The defendant claims upon this appeal that the facts bring this case within the provisions of this statute, and, consequently, that it is free from any liability on account of this injury to the plaintiff, which took place by reason of his being upon the platform. If that point were in the case it would be an interesting question whether, under all the circumstances, the statute applied to this action, but it was not raised upon the trial. When the plaintiff closed his case no proof had been given to show that the facts existed which brought the case within this statute, and no motion for a direction by the court, founded upon the statute, was made. The defendant gave evidence tending to show that the notice required by the section above quoted was upon each door of the car in which the plaintiff sat. At the close of the defendant's evidence its counsel again moved that the court direct a verdict, but its motion was not founded upon any right which the defendant acquired because it had complied with the provisions of this statute. Indeed, the statute does not seem to have been mentioned in connection with the motion, or the attention of the court in any way called to its provisions. Had it been, it would have been competent for the plaintiff to give proof upon the question whether or not the defendant had complied with the statute and thereby released itself from liability ; but, as the defendant had claimed no exemption from liability for its negligence because it had complied with the statute, there was no reason why the plaintiff should offer any evidence or why the court should take any notice of the proof made in

regard to such compliance. Therefore, because the defendant did not at the trial ask for any ruling as to its rights arising under this statute, or assert in any form that the statute operated to free it from the liability to the plaintiff, the point cannot now be raised.

It appears that the plaintiff was a boy about ten and one-half years old. His story is that he had taken his passage at Mott Haven with another boy; that, just before the cars started, he and his companion entered and took their seats about the center of the car; that he sat there until the train approached the Grand Central Station and the car had entered the station. At that time, he says, the other passengers arose and went towards the platform and that he went with them, some going before him and some after him. He says that he went upon the platform after the cars got into the station, and while they were still moving at a comparatively rapid rate; that other passengers were upon the platform; that a man, who was ahead of him, went down upon the step and off the car, and after this man had stepped off he stepped upon the lower step, holding the railings with both hands; that, as he stood upon the bottom step, this concussion came and his hold upon the railings was broken loose and he was thrown upon the station platform, whence he rolled under the car, which passed over one of his feet.

His story is corroborated by his companion, and to a considerable extent by some of the passengers. It is contradicted by the witnesses sworn on behalf of the defendant, whose testimony is to the effect that this boy went out upon the platform and jumped off the car while it was in motion, and this injury was received at the result. The plaintiff and his companion both deny positively that the plaintiff jumped off the car. There was a severe conflict of evidence as to whether he was thrown from the step by the concussion or jumped off before the car stopped, and the jury would have been justified in finding either state of facts.

The court submitted the question of the contributory negligence of the plaintiff to the jury, with instructions that it was for them to say whether the plaintiff was of sufficient physical ability and intelligence to be allowed by his parents, in the exercise of ordinary care and prudence, to go at large in the city of New York without any one to watch over or care for him, and the jury was told that if he were not of such ability or intelligence, then it was negligence on the part of

his parents to permit him to go about without attendants, and that of itself would prevent recovery. The court then told the jury that if they found that the plaintiff was *sui juris* — that is, if he was of sufficient age and discretion and physical ability to know danger and exercise reasonable care for himself — there was no negligence on the part of his parents in permitting him to go about, but that the question for them in that case was whether, under the circumstances, the boy exercised such care and prudence as a boy of his years and discretion might reasonably be expected to exercise to take care of himself; and that if he did not exercise such care then he was guilty of contributory negligence. This charge, we think, was quite as favorable to the defendant as it had a right to ask. Indeed, under the circumstances, the court might well have held as a matter of law that the plaintiff was *sui juris,* and have submitted the case to the jury upon that theory alone. Upon that theory the charge was correct so far as the jury were instructed about it. Although an infant is *sui juris* he is not expected to exercise the same degree of care and prudence as is exacted from adults. He is only called upon to exercise that care which can reasonably be expected of one of his age. (*Swift* v. *The Staten Island Rapid Transit R. R. Co.,* 123 N. Y. 645; *Byrne* v. *The N. Y. C. & H. R. R. R. Co.,* 83 id. 620.) The last case is precisely in point to sustain the charge of the learned court. The jury might have found upon all the evidence that the plaintiff did exercise such care and discretion. They might have found from the evidence that the plaintiff took his seat in the car and there remained until the car had entered the station; that he did not arise from his seat until adult passengers had done so, and had started to go upon the platform in anticipation of the stoppage of the train, and that he followed the adult passengers out upon the platform, and stood there awaiting the time when he might safely get off the car. As every one knows, such a movement of passengers always occurs just after the train has drawn into the station, and it cannot be said as a matter of law that a boy of that age was guilty of contributory negligence in doing that thing which is the custom of many passengers, and which he himself saw was done by adult passengers under the same circumstances. However negligent it might be for an adult person to stand upon the platform of a moving train, although within the walls of the station, it cannot, we

think, as a matter of law, be said to be negligence on the part of a boy of this age to do it when in doing so he merely followed the lead of grown persons who did the same thing. Such was the view taken by the learned judge at the Circuit, and such we think was a proper view for him to take.

The case seems to have been properly submitted to the jury, and the judgment and order should be affirmed, with costs.

BARRETT, WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment and order affirmed, with costs.