NOONAN v. OBERMEYER & LIEBMANN BREWING CO.

(Supreme Court, Appellate Division, First Department. April 20, 1900.)

1. PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
   Where plaintiff's daughter was injured, while crossing a city street, by
   being run over by a team owned by defendant, in an action to recover for
   the injuries the questions of contributory negligence of plaintiff's daughter
   and of defendant's negligence were for the jury.
2. SAME—SERVICES—PROSPECTIVE LOSS.
   Plaintiff's daughter was injured, while crossing a city street, by being
   run over. In an action to recover for injuries received, there was no evi-
   dence that they were of a permanent character, or that plaintiff would
   be deprived of her services in any degree. Her right leg was one-half inch
   shorter than the left, but it was not shown that this was a result of the
   accident. Held, that plaintiff could not recover anything for prospective
   future loss of services.
3. SAME—SUI JURIS.
   Where plaintiff's daughter, 12 years of age, and of ordinary intelligence,
   while crossing city streets was injured by being run over by a team of
   horses attached to a wagon owned by defendant, it is error to refuse to
   charge the jury that the plaintiff's daughter was sui juris at the time of the
   accident.

Appeal from trial term, New York county.

Action by John Noonan against the Obermeyer & Liebmann Brew-
ing Company for damages for injuries to plaintiff's minor daughter.
From a judgment in favor of plaintiff, and from an order denying a
motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-
LIN, PATTERSON, and O'BRIEN, JJ.

Grant C. Fox, for appellant.
Louis Steckler, for respondent.

McLAUGHLIN, J. On the 13th of October, 1897, the plaintiff's
daughter, then 12 years of age, while crossing one of the public
streets of the city of New York, was run over and injured by a team
of horses attached to a heavy wagon belonging to the defendant,
and driven by one of its servants. Her injuries consisted of a frac-
ture of the right arm, a contusion of the right thigh, and cuts about
the face and fingers. She was taken to a hospital, where she re-
mained for several weeks; and, according to testimony offered on
the part of the plaintiff, she was, subsequent to her removal from
the hospital, attended by a physician for about a year, and at the
time of the trial she had not entirely recovered. It also appeared
that the plaintiff had paid between $225 and $230 for medical serv-
ices, and between $30 and $40 for medicines. This action was
brought to recover for the loss of her services and for the money ex-

pended. The plaintiff had a verdict for $400, and from the judgment entered thereon the defendant has appealed. It attacks the judgment upon two grounds: (1) Because the court refused to dismiss the complaint on the ground of plaintiff's contributory negligence; (2) for alleged errors in the charge, and refusal to charge. As to the first claim, we are of the opinion that the motion was properly denied. The question of the contributory negligence of the plaintiff's daughter, under all of the facts presented, was clearly one for the jury, as was also the question of the defendant's negligence. As to the second error alleged, we are of the opinion that it requires a reversal of the judgment.

The court, in submitting the case to the jury, charged that, if the jury reached the conclusion that the plaintiff was entitled to recover, it could award "damages for loss of services of the child up to the time of the trial, for loss of prospective services during the period of her minority, and for the medical expenses actually and necessarily incurred by reason of the injury." An exception was taken by the defendant to so much of this portion of the charge as permitted the jury to award damages "for future prospective loss," and, in connection with the exception, defendant's counsel requested the court to charge "that the evidence is insufficient to justify the jury in awarding anything by way of compensation for the loss by the plaintiff for the future or prospective service of his child"; but the court declined to charge further than it had already charged on that subject, and an exception was taken by the defendant. The charge was erroneous, and the defendant was entitled to have the jury instructed in accordance with its request. There was absolutely no evidence, so far as appears from the record before us, showing or tending to show that the injuries sustained by the plaintiff's daughter were of a permanent character, or that the plaintiff in the future, by reason of such injuries, would be deprived of her services to the slightest extent. It is true that some testimony was given to the effect that her right leg was about one-half an inch shorter than the left one, but there was no evidence which would have justified the jury in finding that the shortness was due to the injuries referred to in the complaint, or would interfere with her rendering service in any way or to any extent. The court was also requested to charge that the plaintiff's daughter at the time of the accident was sui juris. This request was refused, and in this we think the court erred. She was at the time 12 years of age, of ordinary intelligence, and, in law, was sui juris. Tucker v. Railroad Co., 124 N. Y. 308, 26 N. E. 916. The verdict was a small one, but we are unable to say, by reason of the errors committed, that the defendant was not prejudiced by them.

The judgment and order, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.