McDONALD v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   February 20, 1903.)

1. INFANTS—WRONGFUL DEATH—CARE REQUIRED—INSTRUCTIONS.
    Where, in an action for the negligent killing of a boy, the court
    charged that the boy was required to exercise such care as a boy of his
    age and of good intelligence would exercise under like circumstances, and
    also such care as others in a like situation would exercise, an instruction
    that it was his duty to exercise such care as a boy of his age and of
    good intelligence would exercise under such circumstances, "and deem
    adequate thereto," was not erroneous. as making the degree of care to
    be exercised depend on the operation of deceased's mind.

2. SAME—CAPACITY OF INFANT.
    An infant over the age of 12 is presumed to be sui juris, and hence,
    in an action for his wrongful death by being struck by a street car, the
    same degree of care that is required of an adult should be required of
    him in the absence of proof as to his mental capacity.

    Van Brunt, P. J., and Ingraham, J., dissenting.

On motion for reargument.
For former opinion, see 78 N. Y. Supp. 284.
Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

Edmund L. Mooney, for the motion.
Addison C. Ormsbee, opposed.

HATCH, J.   This motion is based upon the ground that the court overlooked in considering the charge a controlling decision of the Court of Appeals.   The decision thus called to our attention is that of Mangam v. Brooklyn City R. R. Co., 38 N. Y. 455, 98 Am. Dec. 66.   Therein Judge Grover defined "negligence" in these words: "Legal negligence is the omission of such care as persons of ordinary prudence exercise and deem adequate to the circumstances of the case."   That portion of the charge which the court in deciding this case held to be error reads as follows:   "It was the duty of this boy to exercise such care and prudence to avoid the accident as a boy of his age and of good intelligence would exercise under the circumstances and deem adequate thereto."   This court in construction of this charge held that it left to the jury to determine whether the degree of care which the deceased exercised was such as he deemed adequate, and, as construed, it was held not to correctly state the rule of law applicable to the case, in that it substituted a mental process upon the part of the deceased as to what he deemed to be adequate care, whereas the rule of law applicable to the situation and binding upon the deceased was whether he exercised such care as a reasonably prudent person of the same age would have exercised under the same or similar circumstances.   A re-examination of the charge of the court leads me to the conclusion that the charge is not susceptible of the construction which was placed upon it; that this court overlooked the fact that the charge not only stated that the

¶ 2. See Negligence, vol. 37, Cent. Dig. §§ 123, 124.
    80 N.Y.S.—37

boy was required to exercise such care and prudence as a boy of his age and of good intelligence would exercise under the circumstances, but also such prudence and care as others in like situation would exercise; this answered the requirements of the rule, and the addition of the words, "and deem adequate thereto," did not modify or change it; that the court was wrong in its conclusion that these words substituted a mental operation of the deceased in the place of reasonable care and circumspection.

In point of fact, the rule laid down by the court was general in character, applied to the deceased the care and circumspection which would ordinarily be observed, and the conclusion which they would deem adequate thereto was a characterization of the general mental operation of that class of persons exercising reasonable care and circumspection. In other words, it is the mental operation which is the conclusion of persons exercising reasonable care and caution when they act with reference to the subject-matter, which require its exercise so that in reality the rule so applied was the same rule which the court held was the correct rule, in consequence of which the construction of the charge was unwarranted. It would therefore follow that a reargument should be ordered, were it not for the fact that the court committed error in its charge to the jury as to the degree of care imposed upon the deceased.

He was about 12 years of age. The court held and charged that he was a smart, intelligent boy, must be deemed to be sui juris, and therefore called upon to exercise care for his own protection while crossing the tracks. Respecting the degree of care, the court charged:

"Let me say to you that in holding that the boy was sui juris the court reaches the conclusion that he had reached a time in life when, as appears from the evidence, being an intelligent boy, he was capable of forming some judgment and of making a reasonable effort to avoid danger. The degree of care imposed upon a lad is not as high as the degree of care imposed upon an adult."

Then followed the other part of the charge, which we have quoted.

There is considerable confusion respecting the rule to be applied to infants admitted to be sui juris. Thus in Byrne v. N. Y. C. & H. R. R. R. Co., 83 N. Y. 620, it was said, in speaking of the degree of care to be exercised by an infant between 10 and 11 years of age:

"The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from adults. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can be reasonably expected of one of its age."

The same rule was applied in Costello v. Third Ave. Ry. Co., 161 N. Y. 317, 55 N. E. 897. This language is quoted with approval, as applicable to an infant of the age of 15 years, in Swift v. Staten Island Rapid Transit R. R. Co., 123 N. Y. 645, 25 N. E. 378. In Tucker v. N. Y. C. & H R. R. Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670, it was held that a boy 12 years of age, "in the absence of evidence tending to show that he was not qualified to

understand the danger and appreciate the necessity for observing that degree of caution in crossing a railroad track which an adult would, he must be deemed sui juris." The rule thus laid down has been approved in subsequent cases (Thompson v. B. R. R. Co., 145 N. Y. 196, 39 N. E. 709), adopted by this court in Noonan v. Obermeyer & L. Brewing Co., 50 App. Div. 377, 63 N. Y. Supp. 1066, and by other departments (Koehler v. Syracuse Specialty Mfg. Co., 12 App. Div. 50, 42 N. Y. Supp. 182, 1105; Turell v. Erie R. R. Co., 49 App. Div. 94, 63 N. Y. Supp. 402).

At first blush, the rules announced by these cases seem to be in conflict, but a careful reading of them shows that the rule which is to be applied to infants is one of the burden of proof, and is not an inflexible rule of law, which determined that a particular age calls for the unvarying application of the rule of law which fixes responsibility for acts that obtains in the case of an adult. In the case of infants under the age of 12 years, the burden of proof is upon the defendant to show the possession by such infant of sufficient mental capacity to understand, appreciate, and guard against the situation in which it is placed, and the plaintiff may rest in respect of such question upon the legal presumption which protects the infant from the imputation of negligence, unless it be a case where the negligence of the infant is imputable to the parent. When an infant is 12 years of age or above, the burden is upon the plaintiff to show the mental capacity of the infant, and establish as a fact that such infant was not possessed of sufficient mental capacity to exercise the degree of care and caution which is chargeable upon an adult, and it then becomes a question for the jury to determine whether the degree of care exercised in the particular case was such as to exonerate the infant from the charge of contributory negligence, measured by its age and capacity. McGrell v. Buffalo Office Bldg. Co., 153 N. Y. 265, 47 N. E. 305; Leary v. Fitchburg R. R. Co., 53 App. Div. 52, 65 N. Y. Supp. 699; McCarthy v. N. Y. C. & H. R. R. R. Co., 37 App. Div. 187, 55 N. Y. Supp. 1013; Zwack v. N. Y., L. E. & W. R. R. Co., 160 N. Y. 362, 54 N. E. 785.

In the present case the infant was upwards of 12 years of age; consequently the burden of proof, under the above rule, was upon the plaintiff to give evidence showing the mental capacity of the deceased, before the court would be authorized to accept the mere fact of infancy as establishing a rule which would exempt him from the same measure of care as applies in the case of an adult. Upon the evidence, considering the age of the child, the court was bound to charge the jury that it was subject to the same measure of care which obtains in the case of an adult in order to exempt it from contributory negligence, unless the evidence of mental capacity satisfied them that a different rule should be applied, in which event they would be authorized to measure the act by the capacity of the infant. In the charge as made, the rule laid down is that infancy per se exempted the deceased from the measure of obligation and care which would devolve upon an adult. In this respect the charge was erroneous, and for this error the judgment must necessarily be reversed. We do not find it necessary, therefore, to order a reargument

in this case, for the reason that the present question was fully argued
orally and upon the briefs submitted.

The motion for a reargument should therefore be denied.

O'BRIEN and McLAUGHLIN, JJ., concur. VAN BRUNT, P.
J., and INGRAHAM, J., dissent as to the first ground stated in
opinion, and concur as to last ground.