# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### February, 1903.

---

BARLOW RUFUS CHARLTON, an Infant, by RACHEL M. CHARLTON, his Guardian ad Litem, Respondent, *v.* FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Appellant.

*Charge as to the care which an infant between twelve and thirteen years of age is bound to exercise.*

In an action brought by an infant between twelve and thirteen years of age to recover damages for personal injuries sustained by him through the alleged negligence of the defendant, it is the duty of the court to instruct the jury that he was chargeable with the exercise of the same degree of care which the law requires of an adult, unless it is shown that he did not have sufficient capacity to exercise such degree of care; it is, therefore, improper for the court to charge in such a case, "In the case of a child it is that degree of care which ordinarly a child of the same age and development might be expected to use, not necessarily the care of an adult person," and that, "If the plaintiff used ordinary care himself, that is to say, the amount of care which should reasonably be expected from a child of his age and apparent development and ability and he was injured by reason of a situation of danger," the defendant would be liable.

APPEAL by the defendant, the Forty-second Street, Manhattanville and St. Nicholas Avenue Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1902, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 16th day of June, 1902,

denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for personal injuries sustained by the plaintiff through the defendant's alleged negligence.

*Addison C. Ormsbee*, for the appellant.

*Joseph Fischer*, for the respondent.

PER CURIAM:

The plaintiff in this action is an infant between twelve and thirteen years of age. In charging as to the degree of care to be observed by the infant the court said: "In the case of a child it is that degree of care which ordinarily a child of the same age and development might be expected to use, not necessarily the care of an adult person." And again, "If the plaintiff used ordinary care himself, that is to say, the amount of care which should reasonably be expected from a child of his age and apparent development and ability and he was injured by reason of a situation of danger," the defendant would be liable. To this part of the charge an exception was taken. In *McDonald* v. *Metropolitan Street Ry. Co.* (80 App. Div. 233) this court held that when an infant is of the age of twelve years or above the burden is upon the plaintiff to show the capacity of the infant and establish as a fact that such infant was not possessed of sufficient capacity to exercise the degree of care and caution which is chargeable upon an adult; otherwise, in the absence of proof, an infant of that age is chargeable with the same measure of care and prudence as though he were an adult. The rule adopted by the court in submitting this case to the jury was that infancy *per se* authorized the jury to find that the care required of it was not that necessarily required of an adult person. Such is not the rule. Having arrived at an age when the law charges upon him the exercise of the same care, prudence and circumspection as it does of an adult, the court was bound so to charge and the plaintiff could not be relieved from the operation of such rule, except by showing as a fact that the plaintiff did not have that measure of capacity sufficient to exercise the degree of care and caution demanded of an adult. The exception which was taken to the charge, therefore, presents reversible error.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — VAN BRUNT, P. J., O'BRIEN, INGRAHAM, McLAUGHLIN and HATCH, JJ.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.