Grace McDonald, as Administratrix, etc., of John F. McDonald, Deceased, Respondent, v. Metropolitan Street Railway Company, Appellant.

*Negligence — measure of care required of a boy upwards of twelve years of age.*

In an action brought to recover damages resulting from the death of a boy upwards of twelve years of age who was run over by one of the defendant's street cars, it is proper for the court to charge, "It was the duty of this boy to exercise such care and prudence to avoid an accident as a boy of his age and good intelligence would exercise under the circumstances and deem adequate thereto."

Such a charge does not substitute a mental process on the part of the deceased as to what he deemed adequate, for the reasonable care and circumspection of a prudent person which is what the law required of him.

It is, however, error for the court to charge as follows: "Let me say to you that, in holding that the boy was *sui juris*, the court reaches the conclusion that he had reached a time in life when, as appears from the evidence, being an intelligent boy, he was capable of forming some judgment and of making a reasonable effort to avoid danger. The degree of care imposed upon a lad is not as high as the degree of care imposed upon an adult," as the boy being upwards of twelve years of age, it was the duty of the court to charge that he was obliged to use the same degree of care required of an adult unless the plaintiff established that he did not have sufficient mental capacity to exercise that degree of care.

Van Brunt, P. J., and Ingraham, J., dissented as to the first proposition.

Motion by the plaintiff, Grace McDonald, as administratrix, etc., of John F. McDonald, deceased, for a reargument of an appeal by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of January, 1902, upon the verdict of a jury for $7,500 and also from an order entered in said clerk's office on the 22d day of January, 1902, denying the defendant's motion for a new trial made upon the minutes.

The appeal was decided in favor of the defendant November 7, 1902, and the opinion of the Appellate Division is reported in 75 Appellate Division, 559.

The action was brought to recover damages resulting from the death of the plaintiff's intestate, a boy upwards of twelve years of age, who was run over by one of the defendant's street cars.

*Edmund L. Mooney*, for the motion.

*Addison C. Ormsbee*, opposed.

HATCH, J.:

This motion is based upon the ground that the court overlooked, in considering the charge, a controlling decision of the Court of Appeals. The decision thus called to our attention is that of *Mangam* v. *Brooklyn R. R. Co.* (38 N. Y. 455). Therein Judge GROVER defined negligence in these words: " Legal negligence is the omission of such care as persons of ordinary prudence exercise and deem adequate to the circumstances of the case." That portion of the charge which the court in deciding the case at bar held to be error reads as follows: " It was the duty of this boy to exercise such care and prudence to avoid an accident as a boy of his age and of good intelligence would exercise under the circumstances and deem adequate thereto." This court in construction of this charge held that it left to the jury to determine whether the degree of care which the deceased exercised was such as he deemed adequate, and as construed it was held not to correctly state the rule of law applicable to the case, in that it substituted a mental process upon the part of the deceased as to what he deemed to be adequate care, whereas the rule of law applicable to the situation and binding upon the deceased, was whether he exercised such care as a reasonably prudent person of the same age would have exercised under the same or similar circumstances. A re-examination of the charge of the court leads me to the conclusion that the charge is not susceptible of the construction which was placed upon it; that this court overlooked the fact that the charge not only stated that the boy was required to exercise such care and prudence as boy of his age and of good intelligence would exercise under the circumstances, but also such prudence and care as others in like situation would exercise. This answered the requirements of the rule, and the addition of the words " and deem adequate thereto " did not modify or change it. I conclude, therefore, that the court was wrong in its conclusion that these words substituted a mental operation of the deceased in the place of reasonable care and circumspection.

In point of fact, the rule laid down by the court was general in character, applied to the deceased the care and circumspection which

would ordinarily be observed, and the conclusion which they would deem adequate thereto was a characterization of the general mental operation of that class of persons exercising reasonable care and circumspection.    In other words, it is the mental operation, which is the conclusion of persons exercising reasonable care and caution when they act with reference to the subject-matter, which require its exercise, so that in reality the rule so applied was the same rule which the court held was the correct rule, in consequence of which the construction of the charge was unwarranted.    It would, therefore, follow that a reargument should be ordered, were it not for the fact that the court committed error in its charge to the jury as to the degree of care imposed upon the deceased.

He was about twelve years of age.    The court held and charged that he was a smart intelligent boy, must be deemed to be *sui juris*, and, therefore, called upon to exercise care for his own protection while crossing the tracks.    Respecting the degree of care, the court charged : " Let me say to you that in holding that the boy was *sui juris*, the court reaches the conclusion that he had reached a time in life when, as appears from the evidence, being an intelligent boy, he was capable of forming some judgment and of making a reasonable effort to avoid danger.    The degree of care imposed upon a lad is not as high as the degree of care imposed upon an adult."    Then followed the other part of the charge, which we have quoted.

There is considerable confusion respecting the rule to be applied to infants admitted to be *sui juris*.    Thus in *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (83 N. Y. 620) it was said, in speaking of the degree of care to be exercised by an infant between ten and eleven years of age : " The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from adults.    An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age."    The same rule was applied in *Costello* v. *Third Ave. R. R. Co.* (161 N. Y. 317).    This language is quoted with approval, as applicable to an infant of the age of fifteen years, in *Swift* v. *Staten Island Rapid Transit R. R. Co.* (123 N. Y. 645).    In *Tucker* v. *N. Y. C. & H. R. R. R. Co.* (124 id. 308) it was said that " in the absence of evidence tend-

ing to show that an injured infant twelve years old was not qualified to understand the danger and appreciate the necessity for observing that degree of caution in crossing a railroad track, which an adult would, he must be deemed *sui juris.*" The rule thus laid down has been approved in subsequent cases. (*Thompson* v. *B. R. Co.*, 145 N. Y. 196; adopted by this court in *Noonan* v. *Obermeyer & Liebmann Co.*, 50 App. Div. 377, and by other departments; *Koehler* v. *Syracuse Specialty Mfg. Co.*, 12 id. 50; *Turell* v. *Erie R. R. Co.*, 49 id. 94.)

At first blush, the rules announced by these cases seem to be in conflict, but a careful reading of them shows that the rule which is to be applied to infants is one of the burden of proof and is not an inflexible rule of law, which determined that a particular age calls for the unvarying application of the rule of law which fixes responsibility for acts that obtains in the case of an adult. In the case of infants under the age of twelve years, the burden of proof is upon the defendant to show the possession, by such infant, of sufficient mental capacity to understand, appreciate and guard against the situation in which it is placed, and the plaintiff may rest in respect of such question upon the legal presumption, which protects the infant from the imputation of negligence, unless it be a case where the negligence of the infant is imputable to the parent. When an infant is twelve years of age or above, the burden is upon the plaintiff to show the mental capacity of the infant and establish as a fact that such infant was not possessed of sufficient mental capacity to exercise the degree of care and caution which is chargeable upon an adult, and it then becomes a question for the jury to determine whether the degree of care exercised in the particular case was such as to exonerate the infant from the charge of contributory negligence measured by its age and capacity. (*McGrell* v. *Buffalo Office Bldg. Co.*, 153 N. Y. 265; *Leary* v. *Fitchburg R. R. Co.*, 53 App. Div. 52; *McCarthy* v. *N. Y. C. & H. R. R. R. Co.*, 37 id. 187; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362.)

In the present case the infant was upwards of twelve years of age; consequently the burden of proof under the above rule was upon the plaintiff to give evidence showing the mental capacity of the deceased before the court would be authorized to accept the mere fact of infancy as establishing a rule which would exempt him

from the same measure of care as applies in the case of an adult. Upon the evidence, considering the age of the child, the court was bound to charge the jury that it was subject to the same measure of care which obtains in the case of an adult in order to exempt it from contributory negligence, unless the evidence of mental capacity satisfied them that a different rule should be applied, in which event they would be authorized to measure the act by the capacity of the infant. In the charge as made the rule laid down is that infancy *per se* exempted the deceased from the measure of obligation and care which would devolve upon an adult. In this respect the charge was erroneous, and for this error the judgment must necessarily be reversed. We do not find it necessary, therefore, to order a reargument in this case for the reason that the present question was fully argued orally and upon the briefs submitted.

The motion for a reargument should, therefore, be denied.

O'BRIEN and McLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented as to the first ground stated in the opinion and concurred as to last ground.

Motion denied.