poration amounted to more than 1 per cent. per month, and that such statements were made by the brokers to the plaintiff's assignors. The falsity of this statement and scienter are then alleged, and that plaintiff's assignors purchased said stock relying on this statement so made by the directors, and believing it to be true, and that the dividends so declared were made and paid from surplus profits arising from the business of the corporation. I think this is a sufficient allegation to sustain the action for deceit against both defendants.

The exceptions should therefore be sustained, and a new trial ordered, with costs to the exceptant to abide the event. All concur.

---

BUSCHER v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. NEGLIGENCE—IMPUTED NEGLIGENCE—NEGLIGENCE OF PARENT.

It is negligence for a parent to allow an infant of such an age and with such a degree of intelligence that he is unable to take care of himself to remain unattended in a public street, which is in constant use by vehicles.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 151–157.]

2. SAME—CARE RECEIVED OF CHILDREN—CARE DEPENDENT ON CAPACITY.

Where the age and intelligence of an infant makes it proper for his parents to allow him to go in streets unattended, he is bound to exercise in the street the care that would be expected of a child of his age and intelligence.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 121–129.]

3. SAME—ACTION—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

In an action for the death of a child who was run over by an automobile, it appeared that he was eight years of age, active and intelligent, and the court instructed that on the question of contributory negligence the jury should take into consideration the age of the child, his mental capacity, and whether he was capable of exercising any degree of care. *Held*, that it was error to refuse to instruct that the jury might find that he was capable of taking some care of himself, and that if in the exercise of the care he was capable of he would have seen and avoided the automobile, but did not exercise that care, plaintiff could not recover.

O'Brien, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Gerd Buscher, as administrator of the estate of John T. Buscher, deceased, against the New York Transportation Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

Ralph G. Miller, for appellant.

Oswald N. Jacoby, for respondent.

INGRAHAM, J. The action was to recover the damages sustained by the death of the plaintiff's intestate. Upon a former appeal from a judgment dismissing the complaint, it was held that the dismissal was

improper, as there was a question for the jury. 106 App. Div. 493, 94 N. Y. Supp. 798. Mr. Justice Hatch, delivering the opinion of the court, said:

"The evidence would have authorized the jury to find that the deceased was a bright, active boy, capable in some degree of caring for himself while on the street. The proof upon the part of the plaintiff tended to establish that the automobile was running at a very rapid rate of speed westward on Fortieth street; that as it reached the corner of the street it turned northward into Tenth avenue without slackening its speed, and without giving any signal of its approach. * * * We think the evidence was sufficient to justify a finding that the defendant was guilty of negligence in the operation of the automobile; and we are also of the opinion that the question was for the jury as to the contributory negligence of the deceased. * * * Upon the proof, the jury were authorized to find that the operator of this machine exercised no care whatever in turning the corner of the street where the accident happened. Under such circumstances, whether the deceased was guilty of contributory negligence, or whether his act constituted the proximate cause of the accident, was a question of fact for the jury."

Upon a new trial the same evidence was presented by the plaintiff, and there was evidence on behalf of the defendant tending to show that th motorman was not negligent, and that the accident was caused by the plaintiff's intestate running in front of the automobile, and falling in the street when the automobile was so near that the motorman was unable to stop it. The learned court charged the jury that the plaintiff was bound to show that the plaintiff's intestate was free from contributory negligence. Upon this subject he said:

"You have a right to take into consideration the age of the child, his mental capacity, whether bright or dull, the hour of the day, the neighborhood, and any circumstances that reasonably suggest themselves to your judgment, and whether the boy was capable of exercising any degree of care, whether he exercised such degree of care; that is, if the boy is what is known in law as sui juris, his being able to take care of himself, that he had sufficient intelligence to know whether he was in danger or not."

That was the only instruction given in relation to the care that the plaintiff's intestate was bound to exercise and what would constitute contributory negligence. The defendant then requested the court to charge:

"From the evidence regarding the capacity of the deceased boy, the jury have the right to find that the said boy was capable of some care in conducting himself in the public streets; and if they conclude that if in the exercise of the care he was capable he would have seen and avoided the automobile, and nevertheless did not exercise that care, and by reason thereof was killed, the plaintiff cannot recover."

This the court refused to charge, and the defendant excepted.

The plaintiff's intestate was eight years and three months old, was a bright, active, intelligent boy, had attended school over a year, and was in the habit of being in the street, and taking care of himself while there. I think the defendant was entitled to have this instruction to the jury. There seems to be some confusion as to the rule to be applied in relation to the care that an infant is bound to exercise when using the streets, and under what circumstances his negligence will preclude his recovering for a personal injury. If the child is non sui juris, then there is presented a question as to whether or not his parents or guardians were

negligent in permitting him to be in the street unattended under the circumstances disclosed in the particular case. The negligence of the parent in such a case necessarily depends upon the age and intelligence of the child and his ability to look out for himself. It would be negligence for a parent to allow an infant of such an age, and with such a degree of intelligence that he was unable to take care of himself, to remain in a public street, which is in constant use by vehicles, unattended, when it would not be negligence in the case of a boy over eight years of age, who was bright and intelligent, and in the habit of using the streets, although a jury might find that such a child was non sui juris. Where the age and intelligence of a child makes it proper for the parents to allow him to go unattended, he is then bound to exercise while in the street the care that would be expected of a child of his age and intelligence which relieves his parents from negligence for allowing him to be in the street unattended, and a failure to exercise such care is contributory negligence which precludes a recovery; in other words, he must exercise the care and intelligence which prevent a parent from being guilty of negligence in allowing him to be unattended in the street. Of course, a child of that age cannot be expected to exercise the care of an adult, and is not chargeable with such a degree of care as an adult would be under the same circumstances, The degree of care which such a child should be expected to exercise under the circumstances is a question for the jury, and under proper instructions they are to determine whether the parents were justified in allowing a child of the age and intelligence disclosed from the evidence to be upon the street; and, if they find that the parents were not negligent, then to determine whether the child exercised that degree of care which could be expected from a child of his age and intelligence in the use of the street at the time of the accident. In this case the jury would have been justified in finding that the parents of the child were not negligent in allowing him to go upon the street because of his age and intelligence, but the defendant was entitled to have the jury instructed that he was bound to exercise the care and caution in the use of the street required of a child of his age and intelligence; and, unless it appeared from the evidence that he did exercise such care and caution, his administrator was precluded from recovering. A consideration of the testimony in this case makes it doubtful whether the verdict was supported by the evidence, and it was important that the jury should understand that they had to consider the conduct of this boy at the time of the accident; and the learned trial judge, I think, failed to present the question to them so that they could intelligently consider and determine it. The rule before stated is sustained by the authorities. Stone v. Dry Dock, E. B. & B. R. Co., 115 N. Y. 104, 21 N. E. 712; Wendell v. N. Y. C. & H. R. R. Co., 91 N. Y. 425; Weiss v. Met. St. Ry. Co., 33 App. Div. 221, 53 N. Y. Supp. 449; Costello v. Third Ave. R. Co., 161 N. Y. 317, 55 N. E. 897. In Neun v. Rochester Ry. Co., 165 N. Y. 146, 58 N. E. 876, a judgment was reversed because the court instructed the jury that, if they should find the child non sui juris and the parents were negligent in allowing the child to go to school unattended, but if they also found that there was no negligence on the part of the child at the time the accident occurred, then it makes no difference how negligent the parents may have been,

and the company would have been liable providing the motorman was negligent. In that case the child was six years of age, and the court had instructed the jury that if they found that the child was non sui juris, then any negligence of the child could not be considered, and the court seem to have approved of that charge in that case; but, as the case was reversed because of the error stated, the question as to whether the child was of an age and intelligence to be capable of exercising any care in the street was not considered.

If we adopt the rule which the cases above cited seem to have established, it would seem to be, on the question of the infant's contributory negligence, immaterial whether a child can be said to be sui juris or not. Each person using the streets is held to a degree of care which could be reasonably expected of a person of the age and intelligence disclosed; the question of sui juris or non sui juris being simply important in considering whether the parents or guardian of the child were negligent in allowing the child to go upon the street unattended. The same care and attention is not expected of a child 12 years of age as of an adult in full possession of his faculties and able to take care of himself. Nor is the same degree of care expected of a person who was blind or deaf as would be expected of a person in full possession of his faculties. In all cases of this kind the jury are to consider, in determining the question of contributory negligence, just what care and attention could be expected from a person with the faculties and intelligence of the person injured, and then ascertain whether or not such care and attention was exercised. In relation to a child under 12 years of age who is injured, or whom the jury find non sui juris, the first question presented is whether the parents or guardians of the child were negligent in allowing it to be upon the street unattended, and that question necessarily depends upon the intelligence and age of the child; for it would be manifestly negligent to allow an infant of tender years, not old or intelligent enough to understand the dangers incident to the use of the streets, to be upon the street unattended, when it would not be negligent to allow an older child, in the habit of using the street and caring for himself therein; but as his age and intelligence excuses the parents or guardians from negligence, certainly such care and intelligence should be used by the child in caring for himself when in the street. What would not be negligence in the case of an infant without intelligence or knowledge would be negligence in a child who, although under 12 years of age, is bright and intelligent, and understands the dangers of the street, and has ability to take care of himself. It seems to me that in all these cases it is for the jury to say what care and caution could be expected of a person of the age and intelligence of the person injured, and, if they find that such care and caution was exercised, then there is no contributory negligence which precludes a recovery.

My conclusion is that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant, to abide the event.

McLAUGHLIN and HOUGHTON, JJ., concur. PATTERSON, J., concurs in result. O'BRIEN, P. J., dissents.