McLAUGHLIN, J., in result.

---

ARDOLINO v. REINHARDT.

(Supreme Court, Appellate Division, First Department. January 15, 1909.)

1. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—EFFECT OF INFANCY.

The burden is on an infant who seeks recovery for personal injuries because of negligence to show that he used care to avoid the injury, as well as on an adult, varying only in degree, depending on natural development, training, habits, and surroundings.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 229; Dec. Dig. § 122.*]

2. NEGLIGENCE (§ 85*) — CONTRIBUTORY NEGLIGENCE — CARE REQUIRED BY CHILDREN.

The rule in actions for personal injuries based on negligence is that an infant, whether sui juris or non sui juris, must exercise such reasonable care in avoiding the injury of which he complains as can fairly be expected of a child of his age, considering natural capacity, intelligence, physical conditions, training, experience, habits of life, and surroundings.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 121–129; Dec. Dig. § 85.*]

Appeal from Trial Term, New York County.
Action by John Ardolino, by his guardian, against George N. Rein-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hardt. From a judgment for plaintiff on the verdict of a jury, and from an order denying a new trial, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, Mc-LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Frederick Hulse, for appellant.

Samuel Wechsler, for respondent.

HOUGHTON, J. The action is to recover damages for personal injuries caused through the negligence of defendant's servant. The claim of the plaintiff is that while he was sitting in the roadway of a public street, playing marbles, the defendant's driver negligently ran over him, and the defendant insists that the accident happened because the plaintiff was attempting to climb on the rear end of the wagon. At the time of the accident, the plaintiff was 4½ years of age.

In his main charge the learned trial court instructed the jury that, if plaintiff's parents were negligent in permitting him to go into the public street to play, their negligence was imputable to him, and at the close of the charge, on request of plaintiff's counsel, the court charged that the plaintiff was non sui juris at the time of the accident, and that no personal negligence could be imputed to him, to which charge the defendant's counsel excepted. Defendant requested the court to charge that the plaintiff, notwithstanding his age, was not relieved from the obligation of exercising any care whatever in relation to vehicles, which request the court refused, and the defendant took an exception. We think these exceptions present errors for which the judgment must be reversed. In an action for personal injury based on negligence, freedom from contributory negligence on the part of the party injured is an element of the cause of action. If the injured person be an adult, he must prove, either directly or through facts and circumstances from which an inference may be fairly drawn, that he used some care to avoid the injury of which he complains, and, when such proof is made, it becomes a question for the jury to determine whether he used reasonable care under all the circumstances surrounding the accident. This burden is upon an infant who seeks to recover damages because of negligence as well as upon an adult, varying only in degree, which degree depends upon natural capacity, physical development, training, habits of life, surroundings, and the like. Of course, a child of immature years, cannot, and should not, be called upon to use such care in avoiding a danger as an adult ought to use. Nor can a dull or crippled child be expected to be so alert to danger as a bright and active one of the same age. Where an infant is so young that it has no judgment and cannot be expected to avoid danger, manifestly the only negligence which can be imputed to it is that of the person having it in charge. But there comes a time in the development of every child not an imbecile when it must have learned some things. Although it may lack judgment to act with care and circumspection in regard to avoiding danger, yet it may be quite sensible of the necessity of avoiding contact with many objects which experience has taught will inflict harm. From their surroundings and experience certain children might very easily learn to avoid passing vehicles, and that there was

great danger in a moving car. When an infant complains of wrongs to himself, the defendant has a right to insist that, notwithstanding his immaturity, he should not have been the heedless instrument of his own injury.

Much can be found in the books respecting an infant deemed sui juris or non sui juris, and unfortunately many misleading expressions have been made concerning the obligation upon him in an action for negligence when he is found to be in one state or the other? In all actions to recover damages because of the negligence of another we must start with the propositions that a complainant cannot be the heedless instrument of his own injury and that freedom from contributory negligence is an element of his cause of action. His freedom from contributory negligence is evidenced by the fact as to whether under all the conditions surrounding the accident reasonable care was exercised to avoid it. It logically follows that a child who has attained some degree of development and intelligence is not relieved from exercising (and proving that he exercised) such care as could be reasonably expected from one of his years and intelligence and experience. The true rule in all actions for personal injuries based on negligence, therefore, is that an infant, whether sui juris or non sui juris, must exercise such reasonable care in avoiding the injury of which he complains, as can fairly be expected of a child of his age, natural capacity, intelligence, physical condition, training, experience, habits of life, and surroundings. All the later and better considered decisions so hold. Stone v. Dry Dock, etc., R. R. Co., 115 N. Y. 104, 21 N. E. 712; Costello v. Third Ave. R. R. Co., 161 N. Y. 324, 55 N. E. 897; Buscher v. N. Y. Transportation Co., 114 App. Div. 85, 99 N. Y. Supp. 673; Atchason v. United Traction Co., 90 App. Div. 571, 86 N. Y. Supp. 176.

Cases arise where children are so young that they have no capacity to appreciate danger or to avoid it, and hence are non sui juris as matter of law, in which case the negligence of their parents or custodian is a matter of inquiry, and, if any exists, it is imputable to the infant. Other cases arise in which it may be a question of fact for a jury as to whether an infant is sui juris or non sui juris, and, even if found to be non sui juris, still such infant is bound to exercise such care in avoiding the injury of which he complains as he can reasonably be expected to exercise in view of his years and capacity and intelligence and experience. Very possibly this rule sweeps away much that has been written concerning the doctrine of sui juris and non sui juris, but no different rule can be the correct one in actions for personal injuries based on negligence.

It follows that the judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J. I concur with Mr. Justice HOUGHTON, and simply wish to add that in this case the plaintiff was allowed by his parents to play in the street of a city unattended, and it was while so playing that the accident happened. The question was properly submitted to the jury as to whether or not his parents were negligent in

allowing a child of his age and intelligence to play unattended in a public street, and the jury have found. that they were not negligent. This could only. be justified if the plaintiff was of such an age and had such intelligence that he could look out for himself while playing in the street, and in such a case it seems to me clear that the infant was bound to exercise the care and caution to be expected from a child of his age and intelligence which justified the parents in allowing him to play there unattended. If he was absolutely without ability to exercise any care to avoid vehicles in the street, then it would have been the duty of the jury to have found that it was negligent for the parents to allow him to play there unattended; but, if he had sufficient intelligence to care for himself while playing there, then, it seems to me, he was bound to exercise that care to avoid the vehicles lawfully using the street. It was therefore error for the court to refuse to submit to the jury the question as to whether the plaintiff did exercise such care and intelligence as justified them in finding that the parents were not guilty of negligence in allowing him to play in the street unattended.

McLAUGHLIN, J. I concur in the opinion of Mr. Justice HOUGHTON in so far as he holds the judgment and order should be reversed and a new trial granted, but I do not agree with him as to the rule to be applied in an action based on negligence to recover damages for personal injuries to an infant who is "non sui juris." This term, so used, simply means that the infant is not of sufficient age, intelligence, and discretion to know and appreciate danger and to exercise reasonable care for himself in avoiding it. Schreiner v. N. Y. Central & Hudson R. R. Co., 12 App. Div. 551, 42 N. Y. Supp. 163. The court, under certain circumstances, by reason of the age, lack of intelligence, or development of an infant, is justified in holding as matter of law that he is non sui juris, but usually such question is a fact to be determined by the jury. But in either case, if it be determined the infant is non sui juris, then no negligence can be imputed to him, except as his parents or guardian may be negligent in permitting him to go unattended or uncared for; in other words, the infant having been found to be non sui juris, the inquiry then relates to the negligence of the parent or custodian, and not to that of the infant himself. ·

I am unable to see upon what process of reasoning an infant who is incapable of taking care of himself to know or appreciate danger or exercise any care to avoid it can be said to be in any way negligent.

I therefore concur in the result.