DUNN v. RUPPERT.    (No. 6708.)

(Supreme Court, Appellate Division, First Department.    February 5, 1915.)

1. TRIAL (§ 295*)—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

The court on appeal is not justified in considering one erroneous sentence in a charge apart from the context as a basis for reversing a judgment otherwise satisfactory.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

2. APPEAL AND ERROR (§ 1170*)—INSTRUCTIONS—REVERSIBLE ERROR—STATUTES.

Under Code Civ. Proc. § 1317, requiring the court on appeal to give judgment without regard to technical errors not affecting the substantial rights of the parties, an instruction that plaintiff, a youth of 18, was not guilty of contributory negligence if he were conducting himself with the degree of care and prudence that might be expected of an ordinarily prudent person of his age, was not reversible error, where the court also charged that plaintiff must have been free from contributory negligence, and that the jury should determine whether he had been so.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Michael Dunn, Jr., against Jacob Ruppert. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Grant C. Fox, of New York City, for appellant.

Don R. Almy, of New York City (William S. Evans, of New York City, on the brief), for respondent.

HOTCHKISS, J. At the time of the accident plaintiff was one month over 18 years of age. The court charged that the law did not

---

impose upon him the degree of care to be expected of one of "full age," but only such as might be expected of a young man of plaintiff's age. So far as this case is concerned, I think, if the charge was technically wrong, it was harmless error, because I can see in the record nothing of which contributory negligence on plaintiff's part could be predicated. But was the charge even technically wrong? On their facts, the cases are too conflicting in their results to be of service as precedents; but I think it is possible to deduce from them certain well-settled principles, by means of which we may reach a conclusion commended by common sense, however open it may be to casuistical attack.

Obviously it would be unjust to judge the conduct of a child by the standard prescribed for an adult. To absolve a child, in every case, from the results of his own negligence, would be equally unreasonable. A middle and reasonable ground has accordingly been taken, requiring of infants the exercise of such care as children of the same age, of ordinary prudence, are accustomed, or would reasonably be expected, to exercise under similar circumstances. Zwack v. N. Y., L. E. & W. R. R. Co., 160 N. Y. 362, 54 N. E. 785.

In this state we recognize, as a limitation to the above rule, the personal equation, and hold the infant to only such a degree of care as his individual mental and physical capacity at the time and under the circumstances disclosed, fitted him to exercise. Dowling v. N. Y. Cen. R. R. Co., 90 N. Y. 670; Swift v. S. J. R. R. Co., 123 N. Y. 645, 649, 650, 25 N. E. 378; Jacobs v. Koehler Co., 208 N. Y. 416, 420, 102 N. E. 519; Ardolina v. Reinhardt, 130 App. Div. 119, 121, 114 N. Y. Supp. 508.

By common observation we know that beyond a certain period of infantile development, instinct, or experience, or both, teach every child the dangers arising from various situations, long before he may be termed sui juris, and for this reason the principle last referred to is held, under certain conditions, applicable to infants non sui juris. Atchason v. United Traction Co., 90 App. Div. 571, 86 N. Y. Supp. 176; Ardolina v. Reinhardt, supra.

In testing the conduct of an adult, we take as a standard the man of ordinary prudence, having regard for the circumstances, and also the personal equation. Davenport v. Ruckman, 37 N. Y. 568, 572, 573; Harris v. Uebelhoer, 75 N. Y. 169, 176. The general rule, therefore, applicable alike to all children of what I may call sentient age, and to all adults, is that each, according to the circumstances of the occasion and his individual capacity, is bound to exercise such a degree of care as is reasonably to be expected of him, having regard for the standards of prudence by which those of his age class are governed.

The charge under review seems to be in accord with the above broad principles. When applied, they follow a child from the time personal responsibility attaches, until he reaches his majority, holding him always responsible for a degree of care appropriate to one of his age, modified by his limitations, if any. In Jacobs v. Koehler, etc., Co., 208 N. Y. 416, 102 N. E. 519, which involved the case of a boy of 14, of whom it was held the law did not require a degree of care expected of an adult, Cullen, C. J., in the course of his opinion said:

"There doubtless comes a time in the life of a child when, though still in law an infant, it reaches such maturity that no distinction on account of age can be drawn in its favor. It is not necessary to determine what that time is. It is sufficient to say that, if a question of law and not of fact, the age is greater than that of deceased."

Because of the different inferences of which any given state of facts would be susceptible, it would be a rare situation where the question could become one of law. If the question be one of fact, the charge in question is unexceptionable, because the learned court instructed the jury to hold plaintiff to a degree of care proportioned to his age. Would the use of the word "adult" have worked any different result? The theory of the charge as given would follow an infant until his responsibility grew to that of one of full age, when the two would merge insensibly. If logicians can discover any distinction between the rule applied by the trial court and the rule of adult responsibility, it would seem to me too fine for practical observance, and no ground for a new trial in jurisdictions where harmless error is ignored.

The judgment and order should be affirmed, with costs.

INGRAHAM, P. J. I concur in the affirmance of this judgment.

[1, 2] I do not think we are justified in selecting one sentence from the charge, dissociated from the rest of the charge, and reversing a judgment otherwise satisfactory. The trial judge instructed the jury that they must find that the accident occurred "without any negligence upon his [plaintiff's] part." "You are to determine whether or not the plaintiff was free from contributory negligence." Then comes the portion of the charge that is criticized:

"When I say that both parties have a right to be on that street, I will tell you, also, that the duty is upon them to conduct themselves in the way in which reasonable and careful persons would conduct themselves. That is true of both parties. As the plaintiff here is an infant, the law does not require that he conduct himself in the way in which an adult would conduct himself; that is, a person of full age. It does require from him the degree of care and of prudence and the degree of judgment and discretion that would be expected of persons of his age; that is, of persons who had reached the age in life that he had reached, as an ordinarily prudent person of that age, that is the degree of care that would be required of him."

Taken as a whole, I do not think the jury can have been misled by what the court said, and as we are required, on an appeal, to "give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties" (Code Civ. Pro. § 1317), I do not think we are required to reverse this judgment.

LAUGHLIN and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). I dissent. The plaintiff, at the time the accident occurred, was upwards of 18 years of age, and had had something like 3 years' experience in the work in which he was then engaged. I think it was error for the court to instruct the jury, as a matter of law, that, "as the plaintiff here is an infant, the law does not require that he conduct himself in the way in which an adult would conduct himself; that is, a person of full age." The degree of care

which plaintiff was bound to exercise, under the circumstances, was a question of fact to be passed upon by the jury. Tucker v. N. Y. C. & H. R. R. R. Co., 124 N. Y. 308, 26 N. E. 916, 21 Am. St. Rep. 670; Jacobs v. Koehler S. G. Co., 208 N. Y. 416, 102 N. E. 519; McDonald v. Metropolitan St. Ry. Co., 80 App. Div. 233, 80 N. Y. Supp. 577. It is impossible to say the instruction thus given did not injure the defendant.

I think the judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide event.