of the provisions of the contract. The form of the contract sustains the finding made by the referee on the requests of the defendant. It is apparent that the fire escapes as constructed were not such as required by the plans and specifications as filed in the building department. Certainly the plaintiff cannot recover for the completion of the contract, when the referee has found expressly that the contract as made by him was not completed and the work done was not in accordance with the contract. The cause of action is based upon the completion of the contract in accordance with the plans and specifications. The referee has found that the plaintiffs did not complete the contract in accordance with the plans and specifications, and they were not therefore entitled to judgment in this action.

The judgment appealed from must therefore be reversed, and a new trial ordered before another referee, with costs to the appellant to abide the event. All concur.

---

(112 App. Div. 4)

### WABNICH v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department. March 23, 1906.)

STREET RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—CHILDREN IN STREET—INJURY BY CAR.

    A bright child five years old allowed by its parents to play in the streets, is not as a matter of law, absolutely relieved from the obligation of exercising care in relation to vehicles properly in the street, and having been struck while attempting to cross a street railway track in front of an approaching car, the question whether such act of the child or the act of the parents in allowing the child to be unattended in the street, was negligence, should be submitted to the jury.

    [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 124, 348; vol. 44, Cent. Dig. Street Railroads, § 257.]

Appeal from Trial Term, New York County.

Action by Lewis Wabnich, administrator of Rosa Wabnich, deceased, against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Bayard H. Ames, for appellant.
H. B. Davis, for respondent.

INGRAHAM, J. The plaintiff's intestate was a child five years and two months old, large and bright for her age. She was run over by one of the cars on the defendant's road and received the injuries which resulted in her death, for which her father as her administrator brings this action. The jury found a verdict for the plaintiff, from which the defendant appeals. The trial judge charged the jury:

    "If you find that the accident occurred through the negligent act of the driver, that the little girl lost her life as the result of the accident, then you will take up the question of the compensation which the plaintiff shall receive."

There was nothing said about contributory negligence either of the child, or her parents, if the child was non sui juris. The liability of the defendant was made to depend solely upon the question of the negligence of the defendant.

The counsel for the defendant submitted to the court several requests to charge which were denied, and to which the defendant excepted. He asked the court to charge:

"Second. If you find the plaintiff is non sui juris, were her parents or custodians free from all contributory negligence in permitting the child to be in the street unattended at the time and place in question.

"Third. If you find that the infant plaintiff was sui juris, did it exercise the ordinary care of a reasonable prudent child of similar age in the same situation.

"Fourth. Was the defendant company guilty of any negligence contributing to the accident.

"Fifth. If you answer either the second, third or fourth questions in the negative, your verdict must be in favor of the defendant.

"Sixth. If you answer all three questions in the negative, your verdict must be in favor of the defendant."

After exceptions to these refusals to charge had been taken, counsel for the defendant said:

"Does your honor submit this case to the jury on the theory that the child was sui juris?"

To which the court replied:

"I have submitted the case to the jury upon what I have said in my charge. I have stated to the jury that if this child was in the street and on this track far enough from the horses, so that the driver had ample time to have stopped the horses if he had been observing what was going on before him, that is evidence from which the jury may find that the defendant is liable, no matter how the child got there."

Counsel for the defendant then said:

"I except to that portion of the charge."

Subsequently, in answer to counsel for the defendant, the court again stated:

"I have not submitted the question whether the child was or was not sui juris, because I do not think it has any bearing upon the case at all."

The court thus took entirely from the jury any consideration of the contributory negligence of the child or of her parents in allowing her to go unattended on the street. This was error which requires reversal of the judgment. A bright child of five years allowed by its parents to play in the public street is not as a matter of law absolutely relieved from the obligation of exercising while in the street any care in relation to the vehicles properly there. Costello v. Third Ave. R. Co., 161 N. Y. 317, 55 N. E. 897; Adams v. Nassau R. R. Co., 41 App. Div. 334, 58 N. Y. Supp. 543; West v. Met. St. R. R. Co., 105 App. Div. 373, 94 N. Y. Supp. 250; Buscher v. N. Y. Transportation Co., 106 App. Div. 493, 94 N. Y. Supp. 798; Zwach v. N. Y. L. E. & W. R. R. Co., 160 N. Y. 362, 54 N. E. 785. Assuming that upon the evidence there was a question for the jury as to the negligence of the defendant, the defendant was entitled to have the jury instructed that the plaintiff's intestate while in the street was bound to exercise

the care that they found that a child of her age and condition could be expected to exercise under the circumstances. All of the witnesses testified that the child was struck while attempting to cross the track in front of an approaching car. In such a case the trial judge cannot take from the consideration of the jury the question as to whether the act of the child in running in front of the car or the act of the parents in allowing the child to be unattended in the street was or was not negligence.

For this error the judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN, P. J., PATTERSON and CLARKE, JJ., concur. LAUGHLIN, J., concurs in result.