WACLAW KALONCZYK, as Administrator, etc., of EDWARD KALON-
CZYK, Deceased, Claimant, *v.* THE STATE OF NEW YORK,
Defendant.

(Claim No. 24072.)

Court of Claims, February 21, 1936.

*Ernest P. Lyons,* for the claimant.

*John J. Bennett, Jr., Attorney-General [James R. Creary, Assistant
Attorney-General],* for the defendant.

BARRETT, P. J.   Claimant's intestate, a boy seven years of age,
was drowned on June 19, 1935, between two and two-thirty o'clock
in the afternoon in the Champlain canal, where it passes through
the town of Waterford, and about opposite a house occupied by one
O'Meara and his family, and this claim is presented by his father,
as administrator, for damages as a result of his death.   The O'Meara
home fronts on Canal street, which street does not appear from the
evidence to have been formally dedicated as a public highway, but
which appears to have been used for public purposes for a period of
thirty years.   The street, so far as the testimony discloses, was
originally laid out to be twenty feet wide, but the traveled portion
thereof is but twelve and one-half feet wide.   It runs north and

south approximately, and from the easterly edge of the traveled roadway a steep embankment twenty-five or twenty-six feet in length and occupying a horizontal distance of approximately twenty-eight feet leads to the canal. This embankment along the edge of the roadway is sod and grown up to weeds. The sod extends just inside of posts, which have been placed along the easterly edge of the roadway, and the top of the bank itself extends easterly of the posts from a foot and a half to two feet. The posts, painted white, are eight or ten feet apart, placed about a foot from the traveled part of the roadway with no fence between. Some 400 feet from the O'Meara home, which is on the westerly side of the street, is a public school and a path leads from the school lot in the rear to Canal street. The boy was a pupil in the third grade of the school and was accustomed to travel to and from the school by way of this street. On June 19, 1935, at between two and two-thirty o'clock in the afternoon, which was the time that he usually came from school, he was seen in the canal just opposite the O'Meara home and about opposite a point where some of the sod of the embankment had gone down and where footprints were seen. His mother attempted to rescue him, but without avail, and his body was taken from the canal about twenty feet from the place where she had first seen him. No witness was produced who saw the boy go into the canal, although it appears that two boys were with him at the time. The posts were placed along the roadway sometime in the spring before the accident and were painted about a week before the boy was drowned. As before stated, the boy was familiar with the roadway, he must be held to have observed the posts as he was passing on his way to and from school, and as he went upon the bank where the sod was broken he must have stepped beyond the line of the posts. Why he should do this or how he did it, whether he was running or playing, or whether he was pushed off of the highway, nowhere appears. He was a boy who had made good progress in school, and in this connection it was said in the case of *Hooper* v. *Johnstown,* *G. & K. H. R. R. Co.* (59 Hun, 121): " Nor does it seem to us that the plaintiff showed that the deceased came to her death without negligence on her part. There is no evidence showing what caused her to fall into the water. If she was walking in the path she could not have fallen off the embankment. Whether she carelessly ran to the edge in pursuit of her ball; whether she was pushed in by some unknown person; whether she was frightened and thus ran to the edge and fell in, all these are matters entirely unknown. The accident happened in the daytime and she could not have wandered unknowingly from the path. We may conjecture that her ball rolled to the edge and off, and that

she followed it heedlessly. But this is conjecture. She was eleven years old and familiar with the way to school, where she had been five or six years. She was, therefore, capable of exercising some degree of care and prudence."

In the case of *Wabnich* v. *Dry Dock, East Broadway & Battery R. R. Co.* (112 App. Div. 4), where a child of the age of five years and two months was struck while running in front of a car, the court said (on p. 6): " A bright child of five years allowed by its parents to play in the public street is not as a matter of law absolutely relieved from the obligation of exercising while in the street any care in relation to the vehicles properly there. (*Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 317; *Adams* v. *Nassau Electric R. R. Co.*, 41 App. Div. 334; *West* v. *Met. St. R. Co.*, 105 id. 373; *Buscher* v. *N. Y. Transportation Co.*, 106 id. 493; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362.) Assuming that upon the evidence there was a question for the jury as to the negligence of the defendant, the defendant was entitled to have the jury instructed that the plaintiff's intestate while in the street was bound to exercise the care that they found that a child of her age and condition could be expected to exercise under the circumstances."

In *Wendell* v. *New York Central & H. R. R. R. Co.* (91 N. Y. 421), where a boy seven years of age was killed at a street crossing of the defendant's railroad, it was said (on p. 426): " Nevertheless an infant, whatever his age, is not in law altogether exempted from the exercise of care and prudence in approaching a known danger."

This boy, even though of tender years, was obliged under all of the circumstances here to observe some care and prudence in passing along this roadway with its white posts on the edge thereof. If he had kept on the highway the accident would not have happened. I feel that claimant has failed to establish that the accident was caused by the negligence of the State. The infant was negligent and the claim must be dismissed. To hold otherwise would be to make an award based on mere conjecture.

" When the precise cause of an accident is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then the plaintiff is not entitled to recover, and the evidence should not be submitted to the jury." (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131, 135, 136.)

RYAN, J., concurs.