The plaintiff, a boy about ten years old, was injured while on his way to school, at the defendant's crossing at Hydraulic street, Buffalo, on the 24th of October, 1894. The jury rendered a verdict in his favor for $1,000, and the judgment entered thereon has been affirmed at the Appellate Division.
The general question presented by the appeal is whether the trial court committed an error in submitting the case to the jury. The testimony tended to show that the plaintiff, while crossing the street, was struck by the cow-catcher of a passenger train going west at the rate of twenty miles an hour. This rate of speed on the part of the defendant in the absence of signals or safeguards at crossings, when passing through a populous city, was evidence upon which the jury could find negligence, so that there was no error in submitting that question to the jury. This court cannot well be asked to decide that such a rate of speed under such circumstances is not negligence as matter of law.
The remaining question is whether the plaintiff gave sufficient evidence to show that he was free from contributory negligence, or, rather, whether the proof was of such a character as to carry the case to the jury on that question. If that was, under the circumstances, a question of fact and not of law, then the appeal could not be sustained. I think it was a question of fact. In order to determine in such cases what degree of care a boy of ten years is bound to exercise, we must know something with respect to his capacity and maturity, and he is chargeable only with such a degree of care as can reasonably be expected from one of his age. As this court has said in a case quite similar to this, "The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from adults. An *Page 365 
infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected from one of its age." (Byrne v. N.Y.C. H.R.R.R. Co.,83 N.Y. 620; Swift v. S.I.R.T.R.R. Co., 123 N.Y. 645.) It will be observed that both of these cases were actions by infants for injuries at crossings, where it appears that the infants were older in years at least than in the case at bar. The reasoning of the court in the case of Tucker v. N.Y.C. H.R.R.R. Co. (124 N.Y. 308) is to the effect that an infant under the age of twelve years is presumed to be non sui juris, so the question with respect to his capacity at that age becomes one of fact. It is true that an infant, even of more tender years, may be shown to be sui juris. The fact must in such cases depend upon the capacity and intelligence of the child, and, hence, becomes a question for the consideration of the jury in connection with all the facts and circumstances of the case.
When we consider the age of the plaintiff in this case and the evidence in regard to his capacity and intelligence it would be very difficult, under the doctrine of the above cases, to take the case from the jury on that question and have it determined as one of law. The testimony in this case would require the submission of the question to the jury, even if he had been an adult. The street upon which the plaintiff was walking runs practically north and south, and it was a route frequented by children in going to and from school. The defendant's railroad crosses this street at right angles. The tracks to the west run in nearly a straight line several hundred feet to the station. A few hundred feet east of the station there is a sharp curve in the track to the north. The plaintiff was going north on the west side of the street. At the crossing were two main tracks, besides eight or ten side tracks and switches. On arriving at the center of the first switch track south of the main track he says that he stopped and looked east and west along the track for approaching danger. He saw or heard no engine or train from the east, but he did see two engines joined together coming from the *Page 366 
west. They were coupled back to back, had the bells ringing and were making considerable noise. As they were near the crossing the plaintiff waited for them to pass towards the east, and when they had cleared he immediately started on his way north across the track, and about twenty five feet from the place where he had stood to allow the engines to pass he was struck by a passenger train from the east going, as already stated, at the rate of twenty miles an hour, and received the injuries for which the damages were awarded.
The argument is that the plaintiff did not look towards the east, or if he did he could have seen the coming train and avoided the danger. He says that he looked both east and west, but it is urged that this testimony means that the looking was before he stopped for the engines to pass, and since he did not swear, in so many words, that he kept looking all the time, and especially during the infinitesimal period of time it took him to go twenty-five feet, the court should have taken the case from the jury. It was for the jury to give construction to the words of the witness, and the general statement that he looked both ways means in this case just what it does in every case of this character. The traveler is bound to use his eyes and ears, but when he swears generally that he did, it is not ordinarily necessary, in order to take the case to the jury, to swear that he looked during every instant of the time, or while passing over every foot of the ground. The argument in support of this appeal is based upon that notion, or else upon the theory that the boy did not tell the truth when he swore that he looked both ways. It was for the jury and not the court to determine whether in this respect he told the truth. The jury could not very well find that the boy, who had seen the danger of the engines from the west and waited for them to pass, was utterly oblivious and neglectful of all danger from the east. It might very well say, as it did, that the eyes of the boy were not fixed in one direction, but that they had a general sweep of the locality, and although he did not see the coming train, yet he acted under the circumstances with reasonable prudence. *Page 367 
But, it may be asked, if he looked towards the east at all why did he not see the coming train and avoid it? That question may be asked, and generally is, in every case of this character. It is an argument to be addressed to the jury, and not to a court dealing with questions of law only. There was testimony in the case which enabled the jury to answer the question, and it did, as the verdict indicates.
In the first place, at a distance of a few hundred feet east of the crossing, was the curve in the track which prevented any observation of the coming train at a distance. Then there were cars standing on the side tracks, east of the crossing, that concealed the train from the plaintiff as he got nearer the track, and, finally, the passing engines, going east, concealed it when it came still closer to the crossing. The plaintiff's conduct must be judged in view of these facts and circumstances, and it was clearly the province of the jury, and not that of the court, to determine whether he used such care and prudence as under the circumstances it was reasonable to expect.
The case may be said to be a close one, but it is much stronger in favor of the plaintiff than many others in which we have felt bound on such questions by the decision below. It is not necessary to mention but one or two which are so recent as to be fresh in the mind of the court. In the case of Miles v. F., J. G.R.R. Co. (86 Hun, 508) a man driving a horse with a carriage attempted to cross a railroad. There was some proof that he looked when within twenty-five or thirty feet of the track, but no proof that he did so afterwards. He did not succeed in crossing, or even in getting onto the track, for the reason that the train was in his way, and on reaching it the horse turned at nearly right angles and ran along the side of the track in the same direction as the engine was going, but so close to the train that it came in contact with the carriage, which was overturned and one of the persons injured. A careful study of the record in that case will show that it was a very much more favorable one for a nonsuit than this one, but the judgment for the plaintiff was *Page 368 
affirmed in this court. (155 N.Y. 679.) And in a still more recent case, depending on similar facts, the same conclusion was announced. (Judson v. Central Vermont Railroad Co., 158 N.Y. 597. ) There was a dissent below in the former case as there is in this, but it was held that the question of contributory negligence was one of fact and not of law.
In my opinion this court is not warranted in interfering with this judgment upon the narrow ground that the plaintiff did not affirmatively state in his testimony that he kept on looking both ways all the time while crossing. The jury could have found, as they did find, that while he may have committed an error, in view of the speed of the coming train, in calculating his ability to cross with safety, yet under all the circumstances his conduct was not so unreasonable as to deprive him of all claim for redress.
The judgment should, therefore, be affirmed, with costs.