JOHN COSTELLO, an Infant, by JOHN COSTELLO, his Guardian ad Litem, Appellant, *v.* THIRD AVENUE RAILROAD COMPANY, Respondent.

1. ELECTRIC STREET RAILWAYS — CONTRIBUTORY NEGLIGENCE OF INFANT IN ATTEMPTING TO CROSS TRACK — QUESTION OF FACT. The question of the contributory negligence of a boy eight years old, not admitted or shown to be *sui juris,* in attempting to cross an electric street railway track in such close proximity to a car as to be struck as the car suddenly increased its speed, through the grossly negligent and well-nigh criminal act of the motorman, is for the jury, and he is not to be judged by the standard of intelligence and judgment applied to an adult in full possession of his faculties.

2. PROXIMATE CAUSE OF INJURY — QUESTION OF FACT. *It seems,* that assuming the infant in such a case to be chargeable with contributory negligence, the question whether or not it was the proximate cause of the accident would still remain for the jury.

*Costello* v. *Third Ave. R. R. Co.,* 26 App. Div. 48, reversed.

(Argued November 28, 1899; decided January 9, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 12, 1898, affirming a judgment in favor of defendant, entered upon a dismissal of the complaint at a Trial Term, at the close of plaintiff's evidence.

The nature of the action and the facts, so far as material, are stated in the opinions.

*Edmund Luis Mooney* and *F. A. Card* for appellant. On this appeal plaintiff is entitled to the most favorable consideration of the evidence, and to the most favorable inferences to be drawn therefrom. ( *Witherow* v. *Slayback,* 158 N.

Y. 649; *E. F. Ins. Co.* v. *R. Ins. Co.*, 55 N. Y. 343; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Stuber* v. *McEntee*, 142 N. Y. 200; *Weil* v. *D. D., etc., R. R. Co.*, 119 N. Y. 147.) The defendant was grossly negligent. (*Moebus* v. *Herrmann*, 108 N. Y. 349; *Stone* v. *D. D., etc., R. R. Co.*, 115 N. Y. 104; *Thurber* v. *H., etc., R. R. Co.*, 60 N. Y. 326; *Bennett* v. *B. H. R. R. Co.*, 1 App. Div. 205; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 459; *Barrett* v. *Smith*, 128 N. Y. 607; *Austin* v. *N. J. S. Co.*, 43 N. Y. 75; *Distler* v. *L. I. R. R. Co.*, 151 N. Y. 424; *Spooner* v. *D., L. & W. R. R. Co.*, 115 N. Y. 22.) Plaintiff was not guilty of contributory negligence. (*Button* v. *H. R. R. R. Co.*, 18 N. Y. 248; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65; *Jones* v. *N. Y. C. R. R. Co.*, 10 Abb. [N. C.] 200; *Fandel* v. *T. A. R. R. Co.*, 15 App. Div. 426; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 N. Y. 620; *Dowling* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 670; *O'Mara* v. *H. R. R. R. Co.*, 38 N. Y. 445; *Thurber* v. *H., etc., R. R. Co.*, 60 N. Y. 326; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 417; *Stone* v. *D. D., etc., R. R. Co.*, 115 N. Y. 104.) Even if the plaintiff was chargeable with contributory negligence, such negligence was not a proximate cause of the injuries, and does not bar a recovery. (*Austin* v. *N. J. S. Co.*, 43 N. Y. 75, 82; *Distler* v. *L. I. R. R. Co.*, 151 N. Y. 424; *Kenyon* v. *N. Y. C. & H. R. R. R. Co.*, 5 Hun, 479; *McKeon* v. *S. Ry. Co.*, 20 App. Div. 601; *G. T. Ry. Co.* v. *Ives*, 144 U. S. 409; *Silliman* v. *Lewis*, 49 N. Y. 379; *Button* v. *H. R. R. R. Co.*, 18 N. Y. 248; *Green* v. *E. Ry. Co.*, 11 Hun, 333; *Sweeney* v. *N. Y. S. Co.*, 15 Daly, 312; *Whittaker* v. *D. & H. C. Co.*, 49 Hun, 400.)

*Herbert R. Limburger* and *Henry L. Schuerman* for respondent. There is no evidence whatsoever of freedom from contributory negligence on the part of the boy, but the evidence conclusively shows the existence of such negligence. (*Bello* v. *M. S. Ry. Co.*, 2 App. Div. 314; *Weiss* v. *M. S. Ry. Co.*, 33 App. Div. 221; *Martin* v. *T. A. R. R. Co.*, 27 App. Div.

52; *McClain* v. *B. C. R. R. Co.*, 116 N. Y. 459; *Fenton* v. *S. A. R. R. Co.*, 126 N. Y. 625; *Thompson* v. *B. Ry. Co.*, 145 N. Y. 196; *Reich* v. *U. Ry. Co.*, 78 Hun, 417; *Baker* v. *E. A. R. R. Co.*, 62 Hun, 39; *Doyle* v. *Albany Ry.*, 5 App. Div. 601.)  There is no evidence whatever of negligence on the part of the defendant's gripman. (*Cadwell* v. *Arnheim*, 152 N. Y. 182; *Reich* v. *U. Ry. Co.*, 78 Hun, 418; *Stabenau* v. *A. A. R. R. Co.*, 15 App. Div. 408; *Bello* v. *M. S. Ry. Co.*, 2 App. Div. 313; *Baker* v. *Eighth A. R. R. Co.*, 62 Hun, 39.)  It was the duty of the trial court to nonsuit where there was no evidence on a vital issue in the case, or where the weight of evidence goes clearly to disprove rather than prove the contention of the plaintiff. (*Hemmens* v. *Nelson*, 138 N. Y. 517; *Linkhauf* v. *Lombard*, 137 N. Y. 417; *Horrigan* v. *N. Y. C. & H. R. R. R. Co.*, 7 App. Div. 377.)

Bartlett, J.  A single question is presented by this appeal, as the learned trial judge held the infant plaintiff guilty of contributory negligence as matter of law.

This action was brought to recover damages for injuries received by the plaintiff while attempting to cross Third avenue, in the city of New York, in front of one of the moving cars of the defendant, on the 12th day of August, 1896.

The plaintiff was then eight years old.

At the opening of the trial the court asked if it was conceded that the boy was capable of taking care of himself.

Counsel replied that he was to the extent that he was able to conduct himself across the street without bodily harm; to that extent he was able to take care of himself.

The court then said that plaintiff was *sui juris* for that purpose.  Counsel replied that he expected to have the boy charged with that degree of care that in one of his age and intelligence would be expected

The injuries received by plaintiff were of a very serious character, one leg having been amputated below the knee; other severe wounds were also inflicted.

As we are reviewing a judgment upon a nonsuit the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence and to all inferences warranted thereby. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 395 ; *Stuber* v. *McEntee*, 142 N. Y. 205.)

The accident happened about noon of a pleasant day in summer. The plaintiff lived with his mother on the east side of Third avenue, between Ninty-ninth and One Hundredth streets ; the car which struck him was running up town on the easterly track.

The evidence discloses that between 98th and 99th streets a covered wagon was proceeding northerly on the same track and in front of this car, and according to the testimony of a passenger, the motorman and the driver of the wagon were engaged in an altercation arising from the fact that the vehicle was obstructing the due progress of the car. When the car reached 99th street and very near the point of the northerly crosswalk, the wagon turned off to the east, and according to the undisputed evidence the motorman at that moment of time turned his face in the same direction taken by the wagon and was still engaged in his dispute with the driver. At this particular instant of time, and without turning his face from the east and surveying the track in front of him, the motorman turned on the electric current, causing his car to shoot forward with violence and at a rapid rate.

It further appears that the car, just before the wagon left the track, was moving at a reduced rate of speed, about as fast as a man would walk.

There were only two witnesses who saw the accident — Brewster and Tyrel. Brewster was a passenger on the car, which was an open one, and he sat on the front seat, left-hand side.

It appears that the plaintiff was crossing Third avenue northeasterly in a diagonal direction towards his mother's house, and at the time when the car was on the northerly crossing at 99th street and waiting for the wagon to clear the track, he was proceeding over the westerly down-town track.

Brewster testified as follows: "The wagon moved out of the track, and as it moved out of the track, the motorman turned to the east and kept talking to the driver. * * * In the meantime the little boy, running in a northerly direction, was in front of our car, not exactly in front; he was on the south-bound track running northerly; * * * the car went forward with a shot and struck the boy; that is how the accident happened. I mean the wagon turned out to one side, and the motorman was talking to the man who drove the wagon, both going northerly. At the particular moment when the motorman applied the mechanism operating the machinery, as I have described, the motorman was looking toward the east. I shouted at the motorman, 'you have struck a boy; you have struck a child.' He stopped his car as soon as he could, and the next I saw him turning over this way and looking down."

This witness further stated that when he first saw plaintiff he was about eight feet in front of the car going north on the south-bound track and the car was moving very slowly.

The witness Tyrel also swears to the manner in which the car increased its speed. "It shot right ahead when the wagon turned off; * * * as fast as any car I ever saw going."

The theory of the plaintiff is that this sudden increase of speed, which projected the car forward with great violence, ran the boy down, and that this careless turning on of the electric current by the motorman without looking ahead was not to have been anticipated under the circumstances and in a busy street.

The plaintiff was struck by the west side of the front of the car and carried under the fender, so that he was beneath the passenger who sat on the front seat at the left side, and was so directly ahead that when he was struck this passenger could not see him because of the intervening fender. The boy was dragged some forty feet before the car was stopped.

The five justices of the learned Appellate Division were divided in opinion on this case, three of them holding that

41

the plaintiff was guilty of contributory negligence as matter of law, and two asserting that there was a question of fact for the jury.

We think, under the peculiar circumstances of this case, that the question of plaintiff's contributory negligence should have been submitted to the jury. As this record stands the gross and well-nigh criminal negligence of the defendant's motorman is undisputed.

In the city of New York, where the traffic is enormous upon its principal avenues, it is oftentimes necessary for the way-farer to pass in front of moving cars, and it usually depends upon the surrounding circumstances of each case whether the particular act of crossing was negligent or not. If the pedestrian is obliged to cross the street a short distance in front of a car moving at a very moderate rate of speed, and with a vigilant motorman in charge, no danger need be apprehended, but if the latter may turn his back on the track before him and send his car ahead with unexpected and dangerous velocity, it is clearly a question for the jury whether the mature judgment of an adult might not fail to save him in such an emergency.

In the case at bar it was for the jury to say whether the plaintiff might not have crossed the track in safety, in the exercise of such care as was reasonably to be expected of one of his age, had it not been for the gross carelessness of the motorman. Even if contributory negligence is assumed, for the argument's sake, the question remains whether the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. (*Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 409, 429; *Davies* v. *Mann*, 10 M. & W. 546; *Haley* v. *Earle*, 30 N. Y. 208; *Cummins* v. *Spruance*, 4 Harr. [Del.] 315; *Button* v. *H. R. R. R. Co.*, 18 N. Y. 248; *Austin* v. *N. J. Steamboat Co.*, 43 N. Y. 75, 82; *Silliman* v. *Lewis*, 49 N. Y. 379; Shearman & Redfield on Negligence, § 99.) Was the plaintiff's alleged contributory negligence the direct and proximate cause of the accident?

It was for the jury to say whether this injury of the plaintiff would have happened if the motorman had vigilantly discharged his responsible duties in the premises.

As before intimated, however, the question of plaintiff's contributory negligence is for the jury, and he is not to be judged by the standard of intelligence and judgment applied to an adult in full possession of his faculties.

Judge Andrews said in *McGovern* v. *N. Y. C. & H. R. R. R. Co.* (67 N. Y. 421): "The law is not so unreasonable as to expect or require the same degree of care or circumspection in a child of tender years as in an adult."

The child in the case cited was a lad eight years old. The rule as above stated has been repeatedly applied by this court to infants varying in age from six to fifteen years. (*O'Mara* v. *H. R. R. R. Co.*, 38 N. Y. 449; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 248; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 N. Y. 621, and cases cited; *Dowling* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 671; *Moebus* v. *Herrmann*, 108 N. Y. 353, 354; *Stone* v. *Dry Dock, etc., R. R. Co.*, 115 N. Y. 109, 110; *Swift* v. *Staten Island Rapid Transit R. R. Co.*, 123 N. Y. 645, 650.)

The judgment appealed from should be reversed and a new trial ordered, with costs in all the courts to abide the event.

Parker, Ch. J. In the argument before the Appellate Division it seems to have been assumed that the case was tried upon the theory that the injured boy was *sui juris*, and the court assumed that such was the fact. If the record justified that assumption, I should agree with that court that the complaint was properly dismissed, on the ground that the plaintiff was guilty of contributory negligence, as matter of law, and for the reasons assigned in the prevailing opinion, but the record does not justify the claim made by the respondent's counsel that it was conceded upon the trial the plaintiff was *sui juris*. The record upon that subject is as follows: Upon the opening of the trial the court made the following inquiry: "Is it conceded that the boy was capable of taking

care of himself ? ˙ Mr. Blandy : To the extent that the boy was able to conduct himself across the street without the apprehension of bodily injury ; to that extent he was able to take care of himself.    The court : Then he was *sui juris* for that purpose ?    Mr. Blandy : We expect to have the boy charged with that degree of care that in a boy of his age and intelligence we should expect.    I understand that to be the rule of law."    The answer of the counsel did not acquiesce in the suggestion of the court.    On the contrary, it advised both the court and opposing counsel that he did not expect his client to be charged with a greater degree of care than his age and intelligence legally called for.    As he was only eight years of age, the presumption of law was that he was not *sui juris*, and upon the defendant rested the burden of establishing that he was a bright and intelligent boy and *sui juris*, notwithstanding the fact that he was but eight years of age.    (*Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308 ; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362.)

The presumption that the plaintiff was *non sui juris* was not met by direct evidence, but the plaintiff was a witness, and his testimony, as well as the manner of giving it, gave the jury an opportunity to measure his intelligence, and it was for them to say whether he was in fact *sui juris*, and if they should conclude that he was not, then the further question remained for their consideration whether he exercised that degree of care and caution which should be expected from one of his age, experience and intelligence.

For these reasons I concur in a reversal of the judgment.

All concur with BARTLETT, J., for reversal (PARKER, Ch. J., in memorandum), except GRAY, J., dissenting.

Judgment reversed, etc.