R. F. STEVENS CO. v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

STREET RAILROADS — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—EVIDENCE—
JURY.

Plaintiff's milk wagon was struck by defendant's car while crossing the track at a street crossing where two street railroads also crossed. It was before daylight on a dark morning, and traffic was congested at that point. Plaintiff's driver testified that he looked down the track in the line the car should be coming. The car was running uptown on the downtown track, without displaying any headlight or ringing the bell, and struck the rear end of the wagon. *Held*, that plaintiff's servant was not guilty of contributory negligence, as matter of law, since at the street crossing plaintiff's and defendant's rights were equal, and, owing to the darkness and congested condition of the streets, the driver was required to watch on three sides, and could not safely look in one direction all the time, and, to take the case to the jury, it was not necessary for plaintiff's servant to swear that he looked every instant of the time.

Appeal from municipal court, borough of the Bronx.

Action by the R. F. Stevens Company against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Sheehan & Collin, for appellant.

William J. Martin (John F. Foley, on the brief), for respondent.

WOODWARD, J. This is an action for damages resulting to the plaintiff from a collision between one of the cars of the defendant and a milk wagon driven by one of plaintiff's servants. The accident occurred at the intersection of Myrtle avenue and Adams street between 5 and 6 o'clock in the morning on the 7th day of December, 1899; and the evidence establishes that it was dark, and that the plaintiff's wagon was struck by a car coming uptown on the track on which cars were run downtown, displaying no headlight on the end of the car which came into collision with the plaintiff's wagon. Upon the trial defendant introduced no evidence, but relied upon its motions to dismiss the complaint upon the grounds that the plaintiff had not established negligence on the part of the defendant, or lack of contributory negligence on the part of the plaintiff's servant; and from the judgment in favor of the plaintiff an appeal comes to this court, the defendant urging that the plaintiff has failed to establish lack of contributory negligence.

This accident occurred at a street intersection, where the rights of the parties are equal, and, as it was the crossing place of two street railroads, it was peculiarly a point at which a high degree of care might fairly be expected of the defendant in the operation of its cars; and the fact that the car which struck the plaintiff's wagon was running on the downtown track, coming uptown without displaying a headlight or ringing a bell, or giving any special notice of its approach to this dangerous street intersection, is sufficient to establish the negligence of the defendant, which is practically admitted on this appeal. The morning was dark, and plaintiff's driver testifies that: "I looked up the track, or down the track, rather, towards Myrtle avenue,—in the line, in fact, the car should be coming; and I didn't notice no car;" and he then drove on over the crossing, the car striking his wagon near the rear end. If we consider the hour of the morning, the darkness, the congestion of traffic, and the fact that the car was upon a track where it was not customary to find a car coming in that direction without any headlight, it can hardly be said, as a matter of law, that the plaintiff's servant was guilty of contributory negligence in not seeing this approaching car. It was at a point where he could not look with safety in one direction all of the time. He was liable to danger on three sides. And it is not ordinarily necessary, in order to take the case to the jury, for the plaintiff to swear that he looked every instant of the time, or while passing over every foot of the ground. Zwack v. Railroad Co., 160 N. Y. 362, 366, 54 N. E. 785.

The judgment appealed from should be affirmed, with costs. All concur.