STANISLAUS NOWAKOWSKI, an Infant, by JOHN
NOWAKOWSKI, His Guardian ad Litem, Appellant, *v*.
NEW YORK AND NORTH SHORE TRACTION COMPANY,
Respondent.

Railroads — negligence — injury to infant between eight and
nine years of age while crossing tracks of street railway — when
such infant not guilty of contributory negligence as matter of
law — when question one of fact.

Plaintiff, who at the time of the injury was between eight and
nine years of age, was playing with some other children on a street,
through which runs a double-track railway, and started to cross the
street, but as he was crossing the last track was struck by a trolley
car and received the injuries for which this action is brought.   On
the trial the jury found a verdict for plaintiff and the judgment
entered thereon has been reversed and the complaint dismissed by
the Appellate Division on the ground that the plaintiff was guilty
of contributory negligence.   There is evidence from which the jury
could have found that when plaintiff was on the first rail of the first
track which he had to cross there was no car in sight; that as he
was walking diagonally across the street a car came around a
corner about five hundred feet away in the direction he had looked
before and continued at a rapid rate of speed without blowing a
whistle or sounding a bell until the plaintiff was struck while on
the last rail of the second track.   The question whether plaintiff was
guilty of contributory negligence in not again looking in the direc-
tion from which the car came after passing the first rail of the first
track, although no whistle was blown or bell rung by the motor-
man, was decided in favor of the plaintiff by the jury, and in so
deciding the jury were permitted under the law to consider the
plaintiff's age, experience, mental development and general capacity
to care for himself and to exercise judgment and discretion.   Plain-
tiff after examination by the court was not permitted to testify and
the court charged, in substance, that plaintiff was too young to tes-
tify and that the jury must determine whether he was *sui juris*
or not and that the degree of care which he was required to exercise
was dependent upon that fact.   No evidence was offered with spe-
cial reference to the negligence, if any, of the parents or guardian
of the plaintiff, and no claim is urged in this court in regard to
their negligence.   *Held*, that under the circumstances disclosed

and considering the age of the plaintiff, it cannot be said as a matter of law that he was guilty of contributory negligence. The judgment of the Appellate Division should, therefore, be reversed and the case remitted to that court to consider the weight of evidence.

*Nowakowski* v. *N. Y. & N. S. Traction Co.*, 162 App. Div. 881, reversed.

(Argued December 14, 1916; decided January 9, 1917.)

APPEAL from a judgment, entered July 6, 1914, upon an order of the Appellate Division of the Supreme Court in the second judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Vine H. Smith* for appellant. The defendant's motorman was negligent and his negligence was the proximate cause of the accident. (*McFarland* v. *E. W. L. R. R. Co.*, 136 App. Div. 194; *Mullen* v. *Schenectady Ry. Co.*, 214 N. Y. 300; *Smith* v. *Rochester Ry. Co.*, 197 N. Y. 600; *Dempsey* v. *B. H. R. R. Co.*, 98 App. Div. 182; *Monck* v. *B. H. R. R. Co.*, 97 App. Div. 447; 142 N. Y. 567.) Upon all the evidence and particularly upon the fact that, notwithstanding the great speed of the car, the plaintiff had almost cleared the track when he was struck, it was a question for the jury whether the plaintiff had exercised the care reasonably to be expected from a boy of his age and experience. (*Jacobs* v. *Koehler S. J. Co.*, 208 N. Y. 416; *Costello* v. *T. A. R. R. Co.*, 161 N. Y. 317; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362; *Swift* v. *S. I. R. T. R. R. Co.*, 123 N. Y. 645; *Dunn* v. *Ruppert*, 166 App. Div. 390; *Dempsey* v. *B. H. R. R. Co.*, 98 App. Div. 182; *Mullen* v. *S. Ry. Co.*, 214 N. Y. 306; *Smith* v. *R. Ry. Co.*, 197 N. Y. 600; *Quinlan* v. *Richmond L. & Ry. Co.*, 133 App. Div. 402; *McFarland* v. *Elmira Water, etc., Co.*, 136 App. Div. 194; *Gross* v. *Foster*, 134 App. Div. 243.)

*James A. MacElhinny* for respondent.  The plaintiff was guilty of negligence proximately contributing to the accident as a matter of law.  (*Schoener* v. *M. S. R. Co.*, 72 App. Div. 23; *Griffith* v. *L. I. R. R. Co.*, 147 App. Div. 693; *Serano* v. *N. Y. C. & H. R. R. R. Co.*, 188 N. Y. 156; *Weiss* v. *Met. St. R. Co.*, 33 App. Div. 221; 165 N. Y. 665; *Fenton* v. *Second Ave. R. Co.*, 126 N. Y. 625; *Spect* v. *Waterbury Co.*, 208 N. Y. 274; *Biederman* v. *D. D. R. R. Co.*, 54 App. Div. 291; *Byrnes* v. *B. H. R. R. Co.*, 148 App. Div. 794; *Perez* v. *Sandrowitz*, 180 N. Y. 397.)

CHASE, J.   This is an action to recover damages for personal injuries.   The plaintiff on May 26, 1912, was struck by a trolley car of the defendant, and his right leg was so injured that it was necessary to amputate it a little below the knee.   At the time of the accident he was between eight and nine years old.   The accident occurred on Crocheron avenue, in Bayside, on the double track trolley line running from Bayside to Flushing.   It occurred on a Sunday.   The plaintiff left his home a short time before the accident to attend a Sunday school at the Polish Catholic church, which is situated on the north side of the avenue a short distance east of the place where the accident occurred.   While waiting for the hour at which the Sunday school was to convene, he, with fifteen or twenty other children, was playing upon water pipes that had been distributed along the north side of the avenue near the west-bound track of the defendant.   The trolley line as it comes from the east enters Crocheron avenue at right angles thereto from Chambers street at a point about 500 feet east of the place where the accident occurred.   The defendant's motorman testified that he came up Chambers street to the avenue and " started to go on down the road and saw a lot of children playing along the pipes running back and forth and jumping off, and I (he) went slowly down

there and blew the whistle and rung the bell, and when I (he) got within five or six foot this boy jumped off the pipe and ran right straight out in front of the car." The motorman was substantially corroborated by disinterested witnesses, but the testimony presented on behalf of the plaintiff was different.

We must assume from the record that the jury had a right to find that the trolley car was run "fast" and that the motorman did not blow the whistle or ring the bell. From the testimony offered in behalf of the plaintiff the jury could have found that a few minutes before the trolley car in question came in sight from Chambers street, the plaintiff left the pipes where he was playing and went across the car tracks into the bushes south of the avenue, and after remaining there about two minutes started to return, and that the trolley car turned from Chambers street into Crocheron avenue when the plaintiff was on the second rail from the south as he was returning to the place on the pipes which he left a few minutes before. It could also have found that when the plaintiff was on the first rail from the south he looked towards Chambers street and at that time no car was in sight and that he then continued in a diagonal direction with his face turned away from the car and that the car after entering Crocheron avenue continued at a rapid rate of speed without blowing a whistle or sounding a bell until the plaintiff was struck as stated as he was leaving the last rail on which the car was proceeding. No claim was made in this court that the question of the defendant's negligence was not one of fact for the jury. The Appellate Division has held as a matter of law that the plaintiff was guilty of contributory negligence and it has not only reversed the judgment of the trial court, but has dismissed the plaintiff's complaint.

The question whether the plaintiff was guilty of contributory negligence in not again looking to the east after passing the first rail to the south although no whistle

was blown or bell rung by the motorman was decided in favor of the plaintiff by the jury. In so deciding the jury were permitted to consider the plaintiff's age, experience, mental development and general capacity to care for himself and to exercise judgment and discretion. (*Zwack* v. *N. Y., Lake Erie & Western R. R. Co.*, 160 N. Y. 362; *Lafferty* v. *Third Ave. R. R. Co.*, 176 N. Y. 594; *Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 317; *Simkoff* v. *Lehigh Valley R. R. Co.*, 190 N. Y. 256; *Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416.)

The plaintiff was offered as a witness in his own behalf and the judge sitting at the Trial Term questioned him and listened to his answers to questions propounded by his counsel and then refused to permit him to be sworn as a witness. In so doing he necessarily held that the plaintiff did not sufficiently appreciate the nature of an oath to warrant the acceptance of his testimony as a witness.

In presenting the case to the jury the court say: " He was not permitted, as you notice, to be sworn as a witness in the case by the court because he did not apparently understand the nature and obligations of an oath. Under the law, a witness who does not understand; a witness whose age is too young, or whose instruction has not been sufficient to guide him and instruct him in the obligations of an oath, cannot be sworn as a witness in a civil action. * * * The result of that would be just the same as if the child had been unable to talk; so young in age that he was unable to speak or to give any statement at all about the accident. So you have to judge of the merits of his claim by the testimony of the other witnesses in the case." This case was decided, therefore, without the plaintiff making any statement about the accident.

The court also charged the jury: " This boy is not in law chargeable with the same degree of care for his own safety as if he were an adult. He is only liable for that

degree of care which a boy of his age and intelligence and previous experience and training would be expected to employ under the conditions which existed at this time and place. It is for you to say, gentlemen, and not for the court to hold as a matter of law, that this boy was what we call in law, *sui juris.* That is, that he was at this time exercising that degree of control of his actions which would be expected of a person of riper years. You must decide whether he was *sui juris* or whether he was not. If you find that he was *sui juris,* then you will expect and require that he shall exercise that degree of control which a person of that age would be expected to employ. If he was not, then if his parents or guardians did not exercise a reasonable degree of care for his safety under these conditions, their negligence, if you find that there was any, would be attributable to him."

No evidence was offered on the trial with special reference to the negligence, if any, of the parents or guardians of the plaintiff. It appears that the plaintiff was by his mother sent to Sunday school in company with his brother who was eleven years old. No claim is urged in this court that the plaintiff's parents or guardians were negligent. The jury were instructed to determine whether the plaintiff was *sui juris.* They may have found that he was not *sui juris.* In any event they have found for the plaintiff and thereby negatived all contributory negligence on his part or the part of his parents or guardians.

We think that under the circumstances disclosed and considering the age of the plaintiff it cannot be said as a matter of law that he was guilty of contributory negligence.

The judgment of the Appellate Division should be reversed and the case remitted to that court for it to consider the weight of evidence, with costs in this court.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment reversed, etc.