EDWARD M. CONROW, as Administrator, etc., of ROSE L. CONROW, Deceased, Respondent, *v.* WILLIAM SNYDER and Others, Appellants.          Third Department, March 3, 1926.

**Motor vehicles — action to recover for death of child eight and one-half years old who was struck by defendants' automobile truck — truck turned into street in front of intersecting point and was on wrong side of street when accident happened — intestate was running along sidewalk with other children and darted suddenly into street — place of accident was within four feet from curb — verdict of negligence of driver is supported by evidence — contributory negligence properly submitted to jury — instructions not prejudicial.**

In an action to recover damages for the death of plaintiff's intestate, a school girl eight and one-half years old, the verdict of the jury finding the defendant negligent is supported by the evidence, since it appears that the defendants' automobile truck which struck and killed the plaintiff's intestate, turned into a street in front of the intersecting point and at the time of the accident was on the wrong side of the intersecting street and within about four feet from the curb thereof.

The intestate cannot, because of her immature age, be held guilty of contributory negligence, as a matter of law, but the court properly submitted to the jury as a question of fact whether she was guilty of contributory negligence, since it appears that just before the accident she was running along the sidewalk with other children and darted into the street directly in front of the defendants' motor truck.

An instruction to the jury which, if taken alone, would amount to an instruction that the intestate was not required to look to the right as she crossed the street until after she had reached the center thereof, was not prejudicial to the defendants, since it appears that the charge of the court, as a whole, was fair and accurate.

APPEAL by the defendants, William Snyder and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schoharie on the 29th day of January, 1925, upon the verdict of a jury for $5,000, reduced by stipulation to $3,650, and also from an order entered in said clerk's office on the 2d day of February, 1925, denying defendants' motion for a new trial made upon the minutes.

*Rosendale, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellants.

*Clyde H. Proper*, for the respondent.

VAN KIRK, J. The intestate was a child eight and one-half years of age. She was returning from school at the noon hour, with other children, some of whom had crossed the street and she darted into the street. She was struck by the defendant's auto truck when she was two and a half to four feet from the curb line and about twenty feet from the corner of Main and River streets in the village of Grand Gorge, Delaware county. The child was going westerly along River street. The truck was going easterly on the north side of the street. It was stopped quickly and then stood with its front wheel about three feet from the curb line and its rear wheel about three feet and seven inches therefrom. One witness, Charles Harley, a feed merchant, says he saw the truck just before the accident; it was the noon hour; he saw the children coming from school; a number of them ran along the street and some went across the street towards the post office; they seemed to be racing; this child darted out suddenly.

The place was in an unincorporated village. River street comes into Main street from the east and Depot street from the west. Where these streets meet Main street turns at an angle. At the junction of these streets there is an open space about one hundred feet across in each direction. The streets come into it irregularly. The point of street intersection was not marked at the time of the accident. Since the accident, as shown on the map in evidence, a traffic stand has been placed at the intersection point. The entire space, which we shall call a square, was macadamized roadway for the use of vehicles.

The defendants' truck was heavily loaded. It passed out of Depot street, crossed the square northerly of the street intersection

and passed into River street on the northerly or left side of the street. Where the accident occurred the street is about thirty feet wide. At the right or southerly side of River street two motor vehicles were standing one behind the other. This left a space between the standing vehicles and the northerly side of the street of about twenty-three feet. The child having been struck within four feet of the northerly curb, the entire truck was within ten or eleven feet of that curb and its right-hand side at least four feet north of the center of River street, and ten or eleven feet from the motor vehicles on the south side. The above statement of facts is justified by the evidence and the verdict.

The General Highway Traffic Law (§ 2) contains the following definitions:

" ' Public highway ' shall include any highway, country road, State highway, State road, public street, avenue, alley, park, .parkway, or driveway, in any city, town or village within the State.

" ' Street ' or ' roadway ' shall include that part of the public highway or a bridge intended for vehicles.

" ' Curb ' shall include the boundaries of the street, whether marked by curb stone or not so marked. * * *

" ' Street intersection ' shall include the area bounded by the side lines, real or projected, of two or more streets which meet or cross each other."

The square then is a street or roadway and within it is the street intersection. Section 11 of the General Highway Traffic Law provides (Subd. 2): "A vehicle turning to the left into another street, shall, before turning, pass to the right of and beyond the center of the intersecting streets * * *." And section 286, subdivision 9, of the Highway Law (added as subd. 3 by Laws of 1910, chap. 374, renum. by Laws of 1918, chap. 540, as amd. by Laws of 1921, chap. 580) contains this: "Any such person so operating a motor vehicle shall, at the intersection of public highways, keep to the right of the intersection of the centers of such highways when turning to the right and pass to the right of such intersection when turning to the left." The chauffeur violated the statute when he went *in front of* instead of around the point of intersection. This point of intersection is about eighty feet from the point of the accident. Had the truck gone around the point of intersection it would have required a very sharp turn to have reached the point of the accident and such a course would not have been the natural course of the truck to go east on River street. A person going west on the north side of River street would not expect traffic to be passing east at the point of collision. It may be inferred that if the driver of defendants' truck had obeyed the statute,

the accident would not have occurred.    Section 12, subdivision 6, of the General Highway Traffic Law provides: " The vehicle having the middle line of the highway on its left shall have the right of way.    In meeting both vehicles shall keep to the right, so as to insure safe passage, and this without regard to the middle line of the highway.    Slowly moving vehicles must move as near to the curb as practicable; rapidly moving vehicles must occupy the space lying immediately next to and parallel with the middle of the highway."    This heavily laden truck, going at ten or twelve miles an hour, was a slowly moving vehicle and the statute requires that it must move as near to the right-hand curb as practicable; and, if it be considered a rapidly moving vehicle, it must occupy the space lying immediately next to and parallel with the middle of the highway.    This vehicle at the time of the accident occupied neither of these positions.    If it had, the accident might not have occurred.    Also the jury were called upon to consider whether the chauffeur, while driving on the left-hand side of the street, near the curb, when school children were coming along this street and some of them crossing it, used reasonable diligence and care to avoid doing one of them an injury.    The jury had a right to accept the testimony of the witness Harley as a word picture of the circumstances just prior to and at the time of the accident.    We think, therefore, that the jury were justified in finding that the driver of the motor truck was negligent.

If the intestate had been an adult she would have been guilty of contributory negligence as a matter of law.    The truck was within her line of vision and had almost reached her when she darted into the street.    The truck was near the curb and there was no space between the narrow sidewalk and the roadway.    The rule is that one about to cross the street must use his eyes in order to avoid danger from passing vehicles.    An adult who does not so use them is negligent as a matter of law.    (*Knapp* v. *Barrett*, 216 N. Y. 226.) But this child, eight and a half years of age, is presumably *non sui juris* and her capacity at that age is a question of fact for the jury. She might be shown to be *sui juris*.    In the presence of danger she was bound to exercise that degree of care only as could reasonably be expected of one of her years, experience and intelligence.    (*Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362, 364; *McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 id. 417, 421.).    In our view it was for the jury to say whether this child, while running along the street with her schoolmates, was guilty of negligence; whether under such circumstances a child of her age could be expected to stop and consider street risks before entering the roadway; whether discretion or impulse would naturally control her action.    The jury had heard

some description of the child, that she had been in school two years, was in the third grade and was an intelligent child. (*Costello* v. *Third Avenue R. R. Co.*, 161 N. Y. 317.) No evidence is given on which negligence could be attributed to the parents in allowing her to go to school alone (*Drew* v. *Sixth Ave. R. R. Co.*, 26 N. Y. 49) and we do not understand the appellants make any such claim.

On the evidence we think the case was for the jury and the denial of the motion to set aside the verdict was justified.

The appellants urge that the charge was erroneous where the court spoke of the child being misled by the fact that the truck was on the north side of the street; the last sentence being: " But if she was misled by the car approaching on her right-hand side when she started, when she had a right to believe there would be no car until she passed the center, then you pass to the question of damages." So far as this charge implies that a person about to cross a public street need only look to his left until he reaches the center of the street, it is a misstatement of the law and misleading. But, considering the entire charge, we do not think the part objected to requires a reversal. A judge cannot repeat in connection with each point discussed all that he has before said. Having in mind what he said as to the degree of care with which a child of her age is chargeable, the meaning of this instruction is not misleading. An adult would not be excused on this ground; a child of eight or nine under the circumstances might be. She did in fact look quickly after starting across the street, because she stopped as if to turn back, but had not time to escape the truck. If she did have some appreciation of danger from vehicles in the street, she may not have expected it near the north curb. It may be more likely that she, without thinking at all, ran into the street; but this does not render the portion of the charge objected to prejudicial error.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.