ALFRED RAMIREZ, an Infant, by His Guardian ad Litem, RALPH RAMIREZ, et al., Appellants, *v.* MORRIS PERLMAN, Individually and Doing Business as STELLINS TOOL & DIE Co., Respondent.

First Department, May 11, 1954.

*Alfred S. Julien* of counsel (*Martin Moser,* attorney), for appellants.

*Joseph J. Brophy* of counsel (*Desmond T. Barry* and *Edward A. Shandell* with him on the brief; *Cotter & Carey,* attorneys), for respondent.

CALLAHAN, J. On November 10, 1949, on East 161st Street, in The Bronx, New York City, the infant plaintiff, then nine years of age, was run over and seriously injured by defendant's automobile. He suffered, among other injuries, a severe fracture of the skull, with manifestations of resulting brain damage.

The jury found a verdict for defendant, and upon this appeal the question presented is whether there was error in the court's charge in respect to the applicable law of contributory negligence.

Plaintiff first testified that he had no recollection of the accident. Other witnesses for the plaintiff had told of the circumstances saying, in effect, that, as plaintiff walked into the roadway, the defendant's car swerved suddenly to avoid a deep hole in the pavement and struck the plaintiff. On cross-examination, in response to leading questions, the plaintiff changed his story, and testified that he remembered that he was playing with a

companion, and they were chasing each other. He admitted that he ran out on the roadway from between parked cars " as fast as his legs would carry him ". He did not, however, testify to seeing defendant's car at the time he ran into the street, nor did he say whether it swerved or not.

The trial court charged the jury that if they believed that the accident happened in the way plaintiff said it did on his cross-examination, their verdict must be for defendant. It refused a request by plaintiff to charge that even if the accident happened as plaintiff stated, if from a consideration of all of the evidence, the defendant was negligent, and plaintiff in view of his age was not negligent, there may still be a verdict for plaintiff.

This amounts to a charge that this nine-year-old infant was guilty of contributory negligence as a matter of law for running out into a highway, while playing. This rule appears to have been charged without consideration of the location of the car at the time he ran out, or whether there was any swerving of the vehicle involved. But even if we assume that the trial court intended to limit the rule to a case where the child ran out when the car was in close proximity and proceeding properly, we believe that it was error to charge contributory negligence as a matter of law as against a child of nine years under such circumstances. As to an adult the charge might well be correct, but the law presumes an infant under twelve years of age to be *non sui juris.* A child of nine is chargeable with responsibility for his own acts only to an extent commensurate with what is to be expected from one of his years, experience and intelligence. The jury must determine his mental capacity and maturity in respect to caring for his safety. Whether this child was to be held responsible for failing to consider street risks, when at play, and whether his failure to do so would constitute contributory negligence, is a matter for the jury. To advise a jury that it must, on a given set of facts, find contributory negligence by a child of nine, without considering the mental development of the child, takes away from the jury a function which must be left to it. (*Zwack* v. *New York, Lake Erie & Western R. R. Co.,* 160 N. Y. 362; *Nowakowski* v. *New York & North Shore Traction Co.,* 220 N. Y. 51; *Conrow* v. *Snyder,* 215 App. Div. 603.)

We realize that the trial court was exceedingly at pains to state the issues in the case fairly and fully to the jury. It endeavored to charge the law comprehensively, and in other respects did so correctly. But we feel, nevertheless, that the error aforesaid was prejudicial. The case was sharply contested as

to the manner in which the accident happened. The jury had some difficulty in resolving the issues and requested repetition of the charge as to the rule of contributory negligence. The defendant's verdict was not unanimous. We may not deem the error harmless.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J. (dissenting). At the time of the accident plaintiff was in all respects a normal child nearly ten years of age. I am sure that any such child in the city of New York knows of the danger and likely consequence of running out into the street between parked cars without looking. He may unthinkingly do it, but he is then certainly negligent by standards ingrained into him.

Were there any question as to the normality of this child for his age at the time of the accident, as there was afterward due to the accident, there might be some jury question as to whether something less in care would be expected of him than would be expected of an ordinary ten-year-old. There was no such question, however. No question could remain, therefore, on this branch of the case, other than was it negligent for a normal ten-year-old boy to act the way this boy admittedly did. It seems to me to be an abandonment of law to give the jury the opportunity of making a finding contrary to the obvious.

The charge to the jury in this case was painstaking in delineating the issues and in giving the jury every opportunity to find that the facts were other and more favorable to plaintiff than he testified to on his own cross and redirect examination. It was only if the jury found as a fact that the child had darted out into the street between parked cars without looking that they were directed to bring in a verdict for the defendant. To have told the jury, as requested, that with such a finding of fact they could still find that the plaintiff was not contributorily negligent and bring in a verdict for the plaintiff would, in my opinion, have given the jury a license altogether inconsistent with law. I dissent and vote to affirm.

COHN, BASTOW and BERGAN, JJ., concur with CALLAHAN, J.; PECK, P. J., dissents and votes to affirm, in opinion.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.