Frank S. McCullough, J.
Plaintiffs move for summary judgment to recover the sum of $8,450.37, claimed as the amount of damage inflicted on the contents of their home by the infant defendants during their unauthorized entry upon plaintiffs’ premises on June 3, 1961. The complaint contains two causes of action; one for trespass, the other for intentional or willful damage to property. Both actions are intentional torts as distinguished from negligent or unreasonable actions.
One infant defendant was 10% years of age at the time, and the other infant defendant was 10 years old. Both, through their attorneys, have conceded in writing that they entered the premises on the date in question without permission and that the property was damaged by them. Neither of them admit that their acts were willful, wanton, intentional or deliberate.
The law presumes that an infant under the age of 12 is non sui juris, that is, not legally answerable for his conduct (cf. Ramirez v. Perlman, 284 App. Div. 82, 84 [1st Dept., 1954]).
The presumption may give way to a finding of liability but then only where there is evidence as to the infant’s intelligence, *290 understanding, experience and the circumstances surrounding the event (cf. Eagle v. Janoff, 12 A D 2d 638, 639 [2d Dept.]). This is a factual issue to be resolved by a jury and not decided in a vacuum on affidavits (cf. Nowakowski v. New York & North Shore Traction Co., 220 N. Y. 51; Ramirez v. Perlman, supra). Thus the plaintiffs’ motion for summary judgment must be denied.
One of the infant defendants has a third-party complaint against the American Employers’ Insurance Company which issued a policy of liability insurance to his father covering the period in question. The infant Farley requests that summary judgment be granted in his favor against the insurance carrier in the event summary judgment is directed against him. While the third-party defendant has not requested formally summary judgment the court is authorized to grant judgment in favor of any party irrespective of a motion therefor.
In addition, the infant has moved to vacate a notice for his examination served by the third-party defendant.
The carrier by its policy has agreed to pay “ all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, and as damages because of injury to or destruction of property, including the loss of use thereof.”
An insured is defined as not only the named insured but also ‘ ‘ if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured ’ ’. For the purpose of the motion it is assumed that the infant is an insured within the policy definition.
However, the policy further provides under the heading “Exclusions” that “This policy does not apply: * * * (c) under coverages A and B, to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured ”.
Both causes of action which are asserted against this infant claim an intentional harm. There can be no recovery unless the injury was intentional and if the damage was caused intentionally there is no coverage under A and B of the policy.
The third-party plaintiff urges that the policy must be construed as applying to this occurrence because he was under the age of 12 at the time, since item (i) of the exclusion provides that the policy is not applicable to “ to loss * * * (3) caused intentionally by cm insured over the age of twelve years ”. Item (i) by its express terms is applicable only to coverage C of the policy as printed which was not purchased by the named insured. Moreover, under plaintiff’s argument item (c) would have to *291 be read as including the phrase ‘1 over the age of twelve years ’ ’ (which is found in item [i]) following the word “insured”. However, the court can only interpret the agreement, not rewrite it. The word “ insured ’ ’ in item (c) of the exclusions is untitled as to age. In the opinion of the court, therefore, this policy is not applicable to the actions asserted against the infant third-party plaintiff and summary judgment in favor of the third-party defendant is granted and the third-party complaint is dismissed.
In view of this disposition, the motion addressed to the notice to examine the infant before trial has become academic.