■ JEFFRY KENNEDY, an Infant, by RODDIE KENNEDY, His Parent, et al., Respondents, v. ROBERT E. CROMER, Appellant.— SWEENEY, J. Appeal (1) from a judgment of the Supreme Court, entered October 7, 1968 in Fulton County, on a verdict in favor of the infant plaintiff and his father, and (2) from an order of said court, entered March 14, 1969, which denied defendant's motion to set aside the verdict. This is a negligence action. On April 5, 1965 the infant plaintiff, age six, was crossing Forest Street in a southerly direction at its intersection with Montgomery Street in the City of Gloversville when he was in collision with defendant's vehicle which was proceeding westerly on Montgomery Street. The boy sustained severe injuries, and the jury awarded

him $20,000 and his father $2,200 for the derivative action for medical expenses and loss of services. To prove their case the plaintiffs relied strongly on the testimony of the father who testified he saw the accident from a window on the north side of his house, which is located some 160 feet southwest of the intersection. He testified that the defendant was traveling around 40, 45 miles an hour; that there was no change in the car's direction until after it hit the boy; that he heard the squealing of brakes and later saw the skid marks; and that he heard no horn. Defendant contends it was physically impossible for the father to see the accident from his position at the window because of the obstruction to his view by a tree. Both sides offered photographs to show the view from the house to the intersection. Defendant testified that his speed was 20, 25 miles an hour, and that the boy ran, head down, into the road and collided with the side of the car. This conflicting evidence presented questions of fact which were for the jury to determine. (*Wilday* v. *King*, 33 A D 2d 970.) If the jury believed the father saw the accident and accepted his version, and rejected that of the defendant, which it had a right to do, there is ample proof to substantiate the verdict. It must be kept in mind that a six-year-old infant is required to use only that care and caution expected of a child of his years, experience and intelligence, and whether the infant plaintiff did, or did not, was also a question of fact for the jury to determine. (*Ramirez* v. *Perlman*, 284 App. Div. 82.) The jury accepted plaintiff's testimony and we find no reason to disturb its finding. The defendant also contends that the verdicts are excessive. The infant plaintiff was seriously injured. He was rendered unconscious; he sustained a compound comminuted skull fracture which necessitated an operation to repair the damage; he also sustained certain permanent scars. While he had a good recovery, we cannot say the verdict was excessive (*Bischert* v. *Limousine Rental Serv.*, 33 A D 2d 355.) Judgments and orders affirmed, with costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.