■ PATRICIA NEILL, an Infant, by Her Natural Guardian, JOHN NEILL, et al., Appellants, v. JODUM CAB CORPORATION et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered March 24, 1970, in favor of defendants, upon a jury verdict upon a trial of the issues of liability only. Judgment reversed, on the law, and new trial granted, with costs to appellants. The questions of fact have not been considered. The testimony of the parties as to how the accident occurred is conflicting. Plaintiffs claim that the infant plaintiff, nine years old at the time of the accident, was struck by defendants' taxicab while trying to get up after having fallen in the road while crossing the street. Defendants claim that the infant ran out from between two parked automobiles and was unavoidably struck by the cab as a result. At the trial, a police officer's memorandum book was admitted into evidence over the objection of plaintiffs' attorney. The book contained a conclusion of the officer as to how the accident had occurred, based upon information received solely from the defendant driver. It read, in relevant part: " Aided [referring to the infant plaintiff] running from south to north from between parked cars, was struck by vehicle ". The admission of so much of the report as expressed the officer's opinion with respect to the cause of the accident was inadmissible and constituted reversible error under the decisions of this court (*Albert* v. *Stumpf,* 30 A D 2d 686, 687; *Marcus* v. *Greenwald,* 28 A D 2d 680, 681; *Greene* v. *Ingoglia,* 25 A D 2d 773; *Sinkevich* v. *Cenkus,* 24 A D 2d 903; *Lea* v. *Segreto,* 23 A D 2d 759; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4518.11). Furthermore, the trial court committed error in refusing to allow testimony as to the intelligence of the infant and her grades in school, in view of its subsequent charge to the jury with respect to the degree of care by which the conduct of an infant is to be measured (*Willis* v. *Young Men's Christian Assn. of Amsterdam,* 34 A D 2d 583; *Eagle* v. *Janoff,* 12 A D 2d 638; *Ramirez* v. *Perlman,* 284 App. Div. 82). Additionally, the trial court erroneously permitted cross-examination of the infant plaintiff's mother regarding the mother's instructions to the infant on street crossing. This was irrelevant and prejudicial to plaintiffs (*Sandy* v. *Wicks,* 260 App. Div. 1046; General Obligations Law, § 3–111). Hopkins, Acting P. J., Munder, Shapiro, Brennan and Benjamin, JJ., concur.