OPINION OF THE COURT
Bernard Fuchs, J.
Defendant moves to reargue or resubmit in opposition to plaintiff’s motion for summary judgment which was granted by an order filed August 22, 1977.
In support of the present motion defendant submits her affidavit alleging that the court "overlooked the important fact that [she] never authorized or initialed” any modification of the bond on which the action was brought. Her counsel’s reply affidavit, also in support of this motion, claims that "defendant did in fact submit an affidavit in opposition”.
Neither statement is correct. The court did not overlook the *1097 alleged fact because it was not alleged in opposition to the previous motion. Nor did defendant submit an affidavit in opposition to the previous motion. This was pointed out in the court’s opinion (see 91 Mise 2d 547) as was defendant’s concession in her counsel’s memorandum of law that plaintiff’s statement of the facts was correct.
It is apparent, therefore, that defendant does not seek reargument on the basis that something was overlooked by the court. The real ground of this motion is that a fact newly alleged would, if previously before the court, have required a different result. Reargument may not be granted on such a ground. (Fosdick v Town of Hempstead, 126 NY 651; Franklin Nat. Bank of Long Is. v Briskman, 202 NYS2d 584; Matter of Central States Paper & Bag Co. [Chicopee Mills], 132 NYS2d 69, affd 284 App Div 84; 2 Carmody-Wait 2d, NY Prac, § 8:83.)
Notwithstanding the absence of grounds for reargument, the court would consider granting some form of relief to defendant if the version of the bond she now advances would have changed the decision of the previous motion. (See 2 Carmody-Wait 2d, NY Prac, § 8:84.) Defendant’s affidavit states that her case depends "exclusively” on her assertion that she never consented to change the term "June 21, 1974” to "final determination” in the first paragraph of the bond.
The memorandum of law which defendant submitted in opposition to the motion for summary judgment argued correctly that the first paragraph of the bond states merely the consideration for defendant’s covenant. The language of the covenant itself has never been and is not now disputed. Nor is it contended that the consideration as originally stated is insufficient to support the obligation of the bond.
Decision of the previous motion turned on the meaning of the words "pending hearing of the matter of the custody”. The question then is whether those words have a different meaning when the consideration (stated in the first paragraph) is retention by defendant and Farula of custody of the children until June 21, 1974 than they do when retention of custody until final determination is the consideration. I hold that the change in the consideration does not alter the meaning of the quoted language or of defendant’s obligation.
The history of the parties prior to execution of the bond (described in my earler opinion) makes it inconceivable that the bond was intended to terminate short of a custody decision as dispositive as that made by the New Jersey court’s order of *1098 February 13, 1976. On June 14, 1974, when the bond was undertaken, a hearing was apparently set for June 21, 1974. It was to provide for the contingency that the scheduled hearing might not fully dispose of the custody question that the covenant obliges defendant to produce the children not only on June 21, 1974 but "at all times ordered by the Court including but not limited to Friday, June 21, 1974”. (Emphasis added.)
Motion denied.